# DE WITT C. JAMES *et al*

*v.*

# SAMUEL T. HAMBLETON *et al.*

1. SALES *without redemption — time to be allowed for payment of money.* 'It is error to order a sale of premises when there is no redemption, as on a decree to enforce a mechanic's lien, in less time than the life-time of an execution.

2. MECHANICS' LIEN — *of apportioning the same among different lots.* Where materials are furnished for the erection of an entire block of buildings, all compact as one building, and under one roof, it is proper to decree the mechanics' lien against the entire block, although it may be built upon several lots of ground; and it is not necessary, in such case, that the lien should be apportioned among the lots, respectively, according to the value of the materials furnished upon each.

3. RULE TO PLEAD—*in proceedings to enforce a mechanics' lien.* It is not necessary, to authorize a default in such proceeding against a party who is brought into court by publication, that a rule should be taken against him to plead or answer before the default is entered.

4. NOTICE BY PUBLICATION—*in proceedings to enforce a mechanics' lien— necessity of an order of court therefor.* It is not necessary that there should be an order of court authorizing notice by publication, in a proceeding to enforce a mechanics' lien. This notice is governed by the chancery practice, and is made by the clerk, on proper affidavit filed, and without any order of court.

WRIT OF ERROR to the Circuit Court of Pulaski county; the Hon. WESLEY SLOAN, Judge, presiding.

The opinion of the court contains a statement of the case.

Messrs. MULKEY, WALL & WHEELER, for the plaintiffs in error.

Mr. H. K. S. O'MELVENY, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a petition to the Circuit Court of Pulaski county, presented by Samuel T. Hambleton, William Hambleton and Allen Collier, as partners, against De Witt C. James and others, to enforce a mechanics' lien.

The case was, that defendants in error had contracted with the plaintiffs in error to furnish materials for the construction of twelve brick buildings on lots in Mound City, composing an entire block, and known as block one, tier one.

The defendants were brought in by publication, and their default entered, and the cause referred to the master to hear testimony and report the amount due plaintiffs. The master reported the sum of three thousand one hundred and three dollars to be due, whereupon a decree was entered, that this amount be paid plaintiffs in error in twenty days, and, in default of payment, it was decreed, that the lots numbered from one to twelve, inclusive, with the buildings thereon, be sold, and a commissioner was appointed to make the sale on certain specified terms.

The cause is brought here by writ of error, and the decree assigned as error.

We have so often decided the point, that it is error to order a sale of premises, where there is no redemption, in less time than the lifetime of an execution, that it is not now open to argument. *Link* v. *Architectural Iron Works*, 24 Ill. 553; *Robinson et al.* v. *Margaritz*, 28 id. 426; *Kingsley* v. *Thomas*, id. 505.

It is also urged by plaintiffs in error, that when the materials furnished are so furnished upon distinct premises, the lien must be against each of the premises according to the value of the materials furnished upon them respectively, and not against all for the aggregate amount, and reference is made to the case of *Steigleman* v. *McBride*, 17 Ill. 302. In that case, the materials were furnished for buildings on two distinct and separate lots in Alton. Here they were furnished on lots forming an entire block, all compact as one building, and under one roof. It was therefore proper to decree against the entire block which the buildings covered. It would, in most cases, be impossible or very difficult, under such a contract to build a block of buildings, to apportion, accurately, the materials furnished on any one of the lots constituting a part of the block. We see no error in this part of the decree. It was proper to consider the whole block as one lot.

It is further objected, that no rule was taken against the defendants to plead or answer before the default was taken. This was not necessary. By sections 8 and 9 of the mechanics' lien law, the defendant served with process ten days before the return day thereof, or brought into court by publication, must answer the bill or petition, on or before the day on which the cause shall be set for trial on the docket. Scates' Com. 157. This dispenses with any special rule to plead or answer.

Again, it is said, there was no order of court authorizing notice by publication. This notice is governed by the chancery practice, and is made by the clerk, on a proper affidavit filed, and without any order of court. Id. 157.

For the reasons given on the first error assigned, the decree must be reversed and the cause remanded.

*Decree reversed.*