# PERCY W. BONNER *et al.*
## *v.*
# GEORGIE H. PETERSON.

1. DOWER — *decree in chancery for, when reversed — cannot be set up as a bar to — under what circumstances.* In February, 1857, P. filed her bill for dower, in which suit a money decree was rendered for $3,455.44, in lieu of dower in the lands; and in December, 1858, she assigned the decree to S. In June, 1855, the city of Chicago condemned a portion of the lands in which dower was claimed for public improvements, and assessed the damages thereon, but refused to pay them, whereupon suit was brought by the heirs against the city, and judgment recovered for $12,162.65, which in December, 1861, was satisfied by the payment of $11,500, in city bonds, and the balance in money. In January, 1863, upon a bill of review brought by the heirs, the decree allowing dower in gross was set aside, and thereupon P. filed her second petition, and the court decreed dower in the lands unappropriated by the city, and also in the bonds, at the sum of $1,277.73, and $426.72 as interest on the same. S., the assignee of the first decree, was not made a party to the bill of review, nor to this second petition filed by P. *Held,* that, the decree rendered in the former suit having been set aside, it constituted no bar to the proceedings under the second petition filed by P. for the same purpose.

2. SAME — *assignment of decree — no bar.* Nor can the heirs of the estate set up the assignment of the decree to S., as a bar to the widow's dower, after having reversed such decree.

3. SAME — *rights of assignee — cannot be urged ·by the heirs as an excuse for not assigning dower.* Nor can the heirs urge the rights of S., under the assignment of the former decree, as an excuse for refusing to assign the widow her dower.

4. SAME — *what must be shown — to bar the widow's dower — on the ground that it was purchased by another.* Until the heirs can show, either an assignment of dower to P., or a release by her, they cannot set up, as a bar to her dower, what another may have paid her for such right.

5. DECREE — *valid until reversed — and may be assigned while in force.* The decree entered in the first suit, however erroneous, was valid and binding until reversed, and while in force was subject to an equitable assignment.

6. PARTIES — *in chancery — all parties whose rights may be affected should be made parties.* In chancery all the parties in interest, and whose rights may be affected, ought to be made parties to the bill; and the fact, that S. was not a party to the bill of review, nor to this second proceeding for dower, being a necessary party, his right to contest the validity of the decree rendered in the suit by the heirs upon the bill of review still subsists.

7. DOWER—*a person having dower in lands condemned for public uses— the right exists in the money paid therefor.* Where lands are condemned for public improvements, the assessment of the damages therefor, unless the contrary appears, satisfies all the title to the property, including the fee simple and all lesser estates ; and P., having dower in the land appropriated by the city to public use, must in equity be held to have dower in the proceeds paid in satisfaction of the judgment against it, as damages for such appropriation.

. 8. SAME—*how the widow may be endowed—and of a decree allowing dower in gross.* And, in such case, the heir being an infant, the court may, if deemed for the interest of the heir, order the fund to be invested in other real estate, and endow the widow with one-third thereof for life, and have it allotted to her, the same as if the husband had been seized of it in his life-time ; or endow her of the legal interest on one-third of the proceeds for life, to be paid annually, in such case, providing ample security of the principal and the payment of the interest punctually, and payment of the principal to the heir, at the death of the dowress ; and the decree may be made a specific lien on the remaining real estate, to render this annual payment, less the taxes. But, in the absence of legislative authority, it is a matter of doubt, whether a decree for a gross sum can be rendered without the consent of all parties. If so, it should not be done, unless there are no means of securing to her the payment of an annual sum equal to one-third of the rents and profits of the fund in which she is dowable.

9. SAME—*when widow entitled to.* The widow is entitled to her dower immediately upon the death of her husband.

10. SAME—*guardian or minor cannot assign dower.* A guardian or minor cannot assign the widow her dower in the lands of her husband, so as to bind the minor on arriving at age; and cannot, therefore, be in default in not making such assignment, if demanded.

11. SAME—*effect of refusal to assign dower—by a party capable to act.* Where a party capable to act refuses to assign the widow her dower, upon demand so to do, he is in default, and the widow is entitled to damages from the date of such demand and refusal.

12. SAME—*commencement of suit for dower—a legal demand therefor.* The commencement of a suit for dower is a legal demand therefor, and when commenced against a minor heir, it is such a demand as contemplated by law, and from that time the widow will be entitled to damages for withholding dower.

13. SAME—*when two suits are brought—the first proceeding having been illegal—damages must date from the time of instituting the last suit.* In this case, two suits having been brought by P., and the decree in the first having been set aside as erroneous, the widow is only entitled to damages from the time the last proceedings were instituted.

14. SAME—*measure of damages for failure to assign dower.* In such case, the measure of damages is usually the net profits, or income, of one-third of the estate in which the widow has dower.

15. SAME — *net profits* — *how ascertained.* To ascertain the net profits, the necessary repairs of the premises from which the fund is derived, as well as the taxes, and necessary insurance on the same, should be deducted from the gross receipts of the rents and profits.

16. SAME — *measure of damages in a particular case* — *for a failure to assign.* For the delay in assigning the dower in this case, the heirs should be required to account for one-third of the net proceeds of the rents and profits derived from the real estate in which P. is endowable received from the commencement of the second suit by her, also for one-third of the interest received on the fund derived from the city which remains after paying the debts of the estate, and the expenses incurred in the suit against the city, and the taxes paid on the money or bonds, if any, yielding such interest.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The opinion states the case.

Mr. J. S. PAGE, for the appellants.

Mr. C. A. GREGORY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, filed by Georgie H. Peterson, and Jeremiah B. Peterson, her husband, in the Circuit Court of Cook county, against John Jones, Percy W. Bonner, Lefa M. Platt, Auretia M. Bayle, F. L. Daniels and Charles A. Gregory. The bill alleges, that Georgie H. intermarried with J. D. Bonner, in October, 1855, and that he died some two months thereafter, leaving her as his widow, and three children by a former wife, of whom Percy W. Bonner is the sole survivor. Previous to his last marriage Bonner had mortgaged his real estate to one Spencer, to secure $3,000, and in trust. That Georgie H., having previously filed her bill for dower, on the 14th of February, 1857, a decree was rendered, assigning to her dower in her late husband's real estate, and it was assigned at the gross sum of $3,455.94, which was decreed to be paid, and the assessment was made without taking into account the mortgage.

That she and her husband, on the first of December, 1858, and while the decree was in force, except $300, which had been paid, sold and assigned all of her dower rights to one Smith, for $2,000, and other considerations expressed in the assignment. That in January, 1863, the decree for dower was set aside by the same court in which it had been rendered, for the reason, among others, that it was for too large a sum, by reason of the mortgage.

That in October, 1855, the city of Chicago instituted proceedings, and in June, 1856, passed an ordinance condemning a portion of the land in which she had dower, for the extension of La Salle street, and awarded as damages therefor the sum of $10,125. The city refused to pay the amount. That Bonner's heirs sued the city in 1859, to recover the same, in their own names; that, on a second trial in this court, to which the case was brought for review, they recovered a final judgment against the city for $12,162.65. In December, 1861, that judgment was satisfied by the city paying to Gregory, one of the attorneys, $11,500 in city bonds, and the balance in money. That, at the commencement of this suit, three of the bonds still remained in the hands of Gregory, the remainder having been applied to the removal of the mortgage and for other purposes.

The court below, on the hearing, decreed dower in the remaining strip unappropriated by the city, and appointed commissioners to allot it; also in the bonds, and assessed the same at the sum of $1,277.73, and the sum of $426.72 interest on the same. The case is brought to this court by appeal, and a reversal is asked on several grounds.

It is insisted, that the decree allowing dower, in gross, in lieu of one-third part of the lands of the husband, and which was set aside on a bill of review, is a bar to this proceeding. Had it remained in force this would no doubt be true. But how a decree that has been reversed can be set up, and be relied upon by the party procuring its reversal, as a bar, or for any other purpose, we are entirely unable to comprehend. That it is a nullity as to the heir, and is binding upon the widow, we are entirely unable to understand. If binding for

any purpose, it must be so in all respects, and upon both parties. Nor do we see, that the case is altered by the fact, that she and her husband may have sold and transferred the benefit of the decree while it was in force and unreversed. The heirs of Bonner can have no right to set up that sale as a bar to the widow's dower after having reversed the decree. Nor can appellants urge Smith's rights as an excuse for refusing to assign dower to whoever is entitled to receive it. As the case stood when appellee brought her suit, the heirs had neither assigned dower to appellee, nor obtained her release. Until the heir shall show that he has done one or the other he cannot set up what others may have paid her, for her right of dower, as a bar. It might possibly be a ground for refusing to compel an assignment of her dower until Smith, her assignee, was brought before the court as a party.

If the decree was valid, however erroneous, it was binding until reversed. And not only so, but it could be equitably assigned while it was in force. And it is alleged, and appears to be conceded by all parties, that Smith had purchased the decree before it was reversed, and yet we do not see that he was made a party to the bill of review, nor to this proceeding. It nowhere appears that an opportunity has been afforded him to be heard as to his rights in this question. Before dower is assigned, it is but proper that he should be permitted to be heard, and should be bound by any decree that should be rendered on a hearing. Not being a party to the bill of review or to this proceeding, he would still have the right to contest the validity of the decree setting aside the decree allowing dower on the first petition, and, as in proceedings in chancery, all parties who have or may have an interest in the subject-matter of the litigation should be before the court. We think Smith was a necessary party to this proceeding.

It is next insisted, that the widow is not entitled to dower in the money received from the city on the condemnation of a portion of lot four. It is not disputed that she was entitled to dower in the lot, but it is insisted, that she should have urged her claim against the city for the appropriation of her life

estate for the use of the public. When property is so taken and condemned, it must be presumed, that the commissioners condemned the entire property and title thus appropriated, unless their report shows the contrary. And the assessment of the damages, unless it otherwise appears, must be held to be in satisfaction of all the title to the property, including the fee simple, and all lesser estates. This being so, those holding different estates in the property must be left to divide the money paid as a compensation for the land thus appropriated to public use, according to their several interests or estates.

Petitioner, having dower in the land, must in equity be held to have dower in the money paid as a compensation for its appropriation to the public. By its condemnation and appropriation, the heir did not thereby have the fund thus produced released from the burden of the widow's dower. It took the place of the land, and became liable to precisely the same burdens as it was under while it was land. And, inasmuch as it is not subject to allotment like the land, the fund is under the control of the court. The chancellor, in case the heir is an infant, as in this case, may, if he deems it for the interest of the heir, order it to be invested in other real estate, and endow the widow with one-third thereof during her natural life, and have it allotted to her precisely as if the husband had been seized of it in his life-time.

Or the court may, no doubt, if deemed for the best interest of the heir, endow her of the legal interest on one-third of the proceeds during her natural life, to be paid to her annually. In such a case the court would, of course, provide for the ample security of the principal, and the payment of the interest regularly to the widow during her life, and for the payment of the principal to the heir at the death of the dowress. And to render the annual payment of a sum equal to the legal interest on the one-third of the fund in which she has dower, after deducting taxes on the same, the court may no doubt make the decree a specific lien on the remaining real estate. In this manner the widow would be secured in the annual receipt of the sum, equal to interest on one-third of the entire fund, less the taxes

on that third, during her natural life, and at her death the heir would come into the possession of the fund free from burden; or, if made a charge on his real estate, it would then be freed from the burden.

Independent of legislative authority, it may be a matter of doubt whether a court of equity may, without the consent of all parties, decree a gross sum to a widow as dower. But, if it were conceded that the chancellor has such power, it should not be resorted to unless there was no means of securing the widow in the payment of an annual sum equal to one-third of the rents and profits of the fund in which she is entitled to dower. Until the last session of the general assembly, the statute did not authorize the allowance of a gross sum in lieu of dower, nor have we been referred to any English or Irish case which has so held. And it is believed, that, where cases are found in this country, it is under legislative enactment. We can imagine nothing more uncertain than the present value of a widow's life estate in real estate or in a fund. It is true that life tables might be resorted to, but they, at least, can afford but a mere expectancy of the continuance of that particular life. They are doubtless correct in the aggregate, but cannot be when applied to individual cases. The chances would be immensely against the expectancy coinciding with the result with an individual. The chances would be so largely against it, that it might be safely asserted that the life of an individual would not terminate at the time indicated by the tables. If then the power exists, it should not be exercised until all other more certain modes have failed.

It is likewise insisted, that there was no sufficient demand for an assignment of dower in this case to authorize the allowance of damages to the widow. The 17th section of the dower act declares, that the heir or other person having the next estate of freehold or inheritance, shall lay off and assign the widow her dower in the lands of her husband as soon as practicable after the death of the husband. The 26th section declares, that she shall be entitled to reasonable damages, to be

allowed her from the time of her demand and a refusal to assign her reasonable dower. The widow is entitled to her dower immediately upon the death of her husband. Yet it is believed that the guardian, under our statute, or at the common law, has no power to assign dower. Nor can a minor make such an assignment as would be binding on him, on arriving at age.

If, then, the minor heir is powerless to make a binding assignment of the widow's dower, we are at a loss to perceive how such a minor can be in default in not making an assignment when it is demanded. If the heir is of age, then the demand is on a person who can act, and failing to comply with the demand, he is then in default, and the widow is entitled to damages from that date. But the guardian, having no power at the common law or under the statute, to make the assignment, and the minor being equally powerless, an ordinary demand would be useless, as it could not be complied with, and the law never requires a useless or impossible act. It has, however, been uniformly held, that the commencement of a suit for dower is a legal demand for dower. It then follows that when a suit is commenced against the minor heir to have her dower allotted to her, this is such a demand as the statute contemplates. And from that time the widow will be entitled to damages for withholding her dower.

As there were two suits brought in this case for dower by the widow, and at each time the heir was a minor, the question is presented as to which should be held to constitute the demand. In the first the heirs interposed no defense, and the widow obtained her decree, but it was afterward impeached and reversed on a bill of review for error. Can such a proceeding be regarded as a legal demand of dower? It appears to have been erroneous and illegal, and it would seem that such a proceeding should not be held to be a demand of dower. As the minor heir cannot make a binding assignment of dower, he should not be held to a demand by a proceeding which is not more binding than his own act would be. To operate as a demand, the legal proceeding should be legal and binding. It

then follows that the heir in this case is only liable to damages from the time when this suit was instituted.

The measure of such damages is usually the net profits, or income of one-third of the estate in which the widow has dower. To ascertain the net profits, the necessary repairs of the premises from which the fund is derived, as well as the taxes on the same, should be deducted from the gross receipts of rents and profits. The same would be true of necessary insurance on the property. It then follows that the heir in this case should be required to account for one-third of the net proceeds of the rents and profits derived from the real estate in which the widow is entitled to dower, received from the commencement of this suit in the court below; also for one-third of the interest received on the fund derived from the city, which remains after paying the debts of the estate, and the expenses incurred in its recovery from the city, after deducting taxes paid on the money or bonds, if any, yielding such interest. This is the true measure of damages in this case, for the delay in assigning the dower.

The court below acted properly in deducting from the money received from the city, the expenses incurred in prosecuting the suits against the city for its recovery, also the money paid to discharge the mortgage on the lot, and in allowing appellee dower in the remainder. The decree should, however, have required the payment to her, annually, of a sum equal to the interest on the third of the fund, after deducting taxes on that third, during her natural life. And this yearly sum should have been charged on the remainder of the real estate of her deceased husband, as a security for its faithful payment, and such charge to cease upon her death.

The decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*