## JOSEPH PEYTON *et al.*

*v.*

## MARTHA JEFFRIES.

1. HOMESTEAD—DOWER—*mode of allotting the latter.* The mere fact that a widow is occupying one of several distinct parcels of land, as a homestead, in all of which she is entitled to dower, will not authorize the allotment of her entire dower interest in all the parcels, out of that portion occupied as a homestead. The dower and homestead interests are separate, distinct and independent of each other.

2. DOWER—*of mode of allotment—construction of the acts of* 1865, *in respect thereto.* The acts of 1865, which provide that in certain cases, where there are several tracts of land in which a widow may be entitled to dower, the same may be set off and allotted to her in a body, have no application where there are purchasers of such lands, or a portion of them, who have acquired interests therein.

3. SAME—*of rents and profits accruing prior to demand—as damages.* A widow cannot claim, in the nature of damages, for non-assignment of dower, rents and profits accruing prior to her demand of dower.

4. SAME—*what a sufficient demand.* The commencement of a suit for the assignment of dower is a sufficient demand.

5. SAME—*of widow's rights subsequent to demand.* A widow is entitled, as damages for non-assignment of dower, to one-third the rental value of the premises, accruing subsequent to the time of making demand and before the allotment of dower, subject to her proportion of taxes assessed thereon for the same period.

6. The general rule is, that a tenant for life is liable for all the taxes assessed upon the lands subject to such tenancy, and in this regard, a tenancy in dower stands in the same position of other estates of freehold for life, and must necessarily be subjected to the charges, duties and services, to which the estate may be liable, in proportion to the interest therein.

7. DECREE—*against whom.* Where a widow is entitled to dower in lands owned by several persons, the damages for non-assignment of dower should be decreed against each person separately, and not against them jointly.

8. DECREE OF SALE—*time allowed for payment.* Where no redemption is allowed by law, as upon a sale under a decree in suit to enforce the right of dower, the time fixed in the decree for the payment of the money, should not be less than the lifetime of an execution, which is 90 days.

APPEAL from the Circuit Court of Coles county; the Hon. JAMES STEELE, Judge, presiding.

This was a bill in chancery, exhibited at the October term, 1865, of the Coles County Circuit Court, by Martha Jeffries, against Peyton, Nesbit, Skidmore, Allen and Vanmeter, for the assignment of her dower as the widow of John R. Jeffries, deceased, in part of lot 53, block 5, city of Charleston, upon which lot of ground was erected, prior to the death of Jeffries, which occurred the 2d of November, 1859, a three-story brick building, the third story having been by him leased to the Masonic fraternity, and the rent paid to Jeffries in his life-time, until the building was burned, which occurred on the 3d of October, 1864.

George W. Teel and Jacob R. Decker administered upon the estate of John R. Jeffries, and as such administrators, on the 3d day of April, 1862, sold said parcel of ground and said building, by order of court, for the payment of the debts of Jeffries, and at the public sale, Joseph Peyton, being the highest and best bidder, purchased the house and lot of ground for the sum of $2,043, and immediately took possession thereof, rented and received the rents thereon, repaired the roof of said building at a cost of $200, and paid the taxes thereon, amounting to about $100, and continued to receive the rents, amounting in all to $700, and to pay the taxes and make improvements, amounting in all to $360, up to the time when the house was burned, October 3d, 1864. The roof of the house leaked so badly that repairs were necessary to make the building tenantable. In March, 1865, Peyton conveyed by deed of general warranty to Allen and Vanmeter, twenty feet of said lot, and to Skidmore and Nesbit eight feet of said lot, being all of the said lot, who erected brick buildings thereon, covering the entire front of said ground, and have from thence, hitherto, held and occupied the same, each firm its part as purchased.

The defendants' answer admits most of the allegations of the bill, but controverts the right of Martha Jeffries to dower in the first above described parcel of ground, being part of lot 53. Peyton, Nesbit, Skidmore, Allen and Vanmeter, afterwards, on the 31st day of October, 1865, filed their cross-bill against the said Martha Jeffries, widow, and the heirs at law, charging, among other things, that John R. Jeffries died seized of the following lands in the city of Charleston, in addition to lot 53, so purchased by Peyton, to wit: lots 6 and 7 in block 4, in East Charleston, lot 142 in Charleston, and one-fourth of an acre of ground, being part of the south-east quarter, south-east quarter of section 11, town 12, north range 9 east, which tract and lot 142, aforesaid, lie together, are well improved, and of the value $2,500, and have been in the possession of Martha Jeffries, as a residence, ever since the death of John R. Jeffries, she having had the use of rents and profits thereof ever since the death of Jeffries, and never having had her dower assigned.

The personal estate of Jeffries was insufficient to pay the whole indebtedness, but paid only 81 per cent. thereof, and Joseph Peyton was and is a creditor of said estate, and received but 81 cents to the dollar on his claims.

The cross-bill seeks to have the dower of Martha Jeffries assigned upon the above described homestead alone, or failing in that, to have her interest in the said lot 53, to bear a ratable proportion of the expenses necessarily incurred in paying taxes on the lot, and in repairing the roof and other necessary repairs in order to make the building tenantable.

On the trial the finding was for the complainant, and the court decreed :

1st. That Martha Jeffries was entitled to dower in one-third of the rental value of that part of lot 53, upon which the brick building was erected, from April 3d, 1862, the date of administrator's sale, to October 30th, 1864, with interest as the same falls due annually, and that she is entitled to one-third the rental value of the premises from October 30, 1864,

to the present time, exclusive of the improvements placed thereon by the defendants or either of them, and that said dower be a lien upon said lot.

2d. That in default of payment within 30 days, the property be sold to the highest bidder for cash, subject to the annual dower interest of complainant, execution of deed by the master, and delivery of possession by the defendants.

The defendants appeal to this court, and ask a reversal of this decree, for the following errors:

1st. That the commissioners should have been confined to the homestead in setting apart the dower of Martha Jeffries.

2d. In the amount adjudged to Martha Jeffries for her part of the rent on lot 53, and in allowing interest thereon, and in exempting her from paying one-third of the necessary repairs and taxes.

3d. In rendering a decree against all of the plaintiffs in error jointly, their interest and liability not being joint but several.

4th. In decreeing a sale of said lot 53 and the buildings thereon, without the privilege of redemption, if the money was not paid within 30 days, upon the master in chancery giving the notice usually given by the sheriffs.

5th. The said Martha Jeffries was entitled to the homestead, and nothing more, until her dower was assigned.

Mr. JOHN SCHOLFIELD and Mr. O. B. FICKLIN, for the appellants.

Messrs. HENRY, READ & STEELE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

Several points are made by appellants on this record, the most important of which will be noticed.

They make the point, first, that the commissioners appointed to assign dower to the widow, Martha Jeffries, should have

been confined to the homestead, setting that apart to her as her dower.

This position, as we understand the statute in relation to dower and homestead, and the nature of these interests, is not tenable.

These interests are separate, distinct and independent of each other, and have their foundation in different principles. Homestead is a mere right of occupancy of certain premises under certain circumstances, while the other does not depend upon occupancy, but upon the marriage, seizin of the husband during coverture, and his death, and extends to all his real estate. Of neither can the wife be deprived without her consent expressed in the mode prescribed in the statute, except in the single case, where a creditor on execution has extinguished the right of homestead by the payment of one thousand dollars to the husband. Of dower, a widow cannot be deprived except by her own act, or by the operation of the statute of limitations. *Owen* v. *Peacock*, 38 Ill. 33. By our dower act, a widow is allowed to retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the out-houses and plantation belonging to it, free from molestation and rent, until her dower is assigned. By section 17 of the same act, it is made the duty of the heirs at law, or other persons having the next estate of freehold or inheritance in any lands of which the widow is entitled to dower, to lay off and assign such dower, as soon as practicable after the death of the husband, and by the 18th section, if this be not done in one month after the decease of the husband, then the widow may sue for and recover the same. This statute embraces all the real estate of the husband, while the homestead act embraces only the lot of ground, and the buildings thereon, occupied as a residence, to the value of one thousand dollars. By both statutes, the widow can occupy the homestead under certain conditions, but her right to dower does not depend upon occupancy.

The lot in question was sold by the administrator of Jeffries, to pay debts due by him. That his widow had a dower right in it, cannot be denied, and Peyton became the purchaser, subject to that right, and so did the other defendants claiming under him. Whether or not the widow had a homestead right in other premises, is a matter in which the defendants could have no interest. The question is, had the widow a right of dower in this particular lot. If she had, and that is not disputed, it must be set off to her. There would be no justice in confining this right to other premises in which she might have a homestead, as that would be casting a burden upon the inheritance which it ought not wholly to bear. The acts of 1865, to which reference is made,* were not designed to produce such injustice—they were not designed to apply to cases where a sale had been made to different parties of a tract of land or town lot. If so, then the whole burden of dower could be imposed upon one interest, leaving the others entirely free. These acts, manifestly, were passed in view of cases where there were no purchasers who had acquired interests in the land.

The next point made by appellants is, that the court allowed the widow too large a portion of the rent of lot 53, and erred in allowing her interest thereon, and in exempting her from the payment of one-third of the necessary repairs and taxes.

In the view we have before taken of cases of this character, the decree of the court was erroneous in all these particulars. It is the doctrine of this court, that a widow cannot claim rents which had accrued prior to her demand for dower, as and for damages.

The only demand she did make was by the commencement of this suit in October, 1865, and this was a sufficient demand. *Bonner et al.* v. *Peterson* 44 Ill. 253. Whatever rents may have accrued since that time, she would have an interest in, but as the building was destroyed by fire in the previous year, she can only claim one-third of the yearly value of the rent of the

*Gross' Stat. 2d ed. p. 220, §§ 37, 38.

ground, to be established by testimony. *Atkins* v. *Merrill*, 39 Ill. 62 ; *Bonner* v. *Peterson, supra.* From this should be deducted one-third of the annual taxes assessed upon the lot. It is the general, if not the universal rule, that a tenant for life is liable for all the taxes assessed upon lands subject to such tenancy. *Prettyman* v. *Walston*, 34 Ill. 175, and there is nothing peculiar to a tenancy in dower which distinguishes it, with respect to charges of this character, from other estates of freehold for life. Standing in the place of her husband, the widow must necessarily be subjected to the charges, duties and services to which the estate may be liable, in proportion, certainly, to her interest therein. *White* v. *Mayor of Nashville*, 2 Swan; 364 ; 2 Scribner on Dower, 733.

The next point made is, that a gross sum was decreed to be paid by all the appellants jointly.

It is alleged in the bill, that these appellants, Allen, Vanmeter, Nesbit and Skidmore, purchased the lot in question in March, 1865, of Peyton, and claim to own the same in fee, and with Peyton are made defendants to the bill and required to answer. They filed a joint and several answer, in which their several interests in the lot are set out, by which it appears the entire lot was sold in two parcels, by Peyton to the other defendants, and consequently their interests were several, and not joint. A decree, therefore, against them jointly, was erroneous. They should have been required to pay such yearly dower *pro rata*, according to their respective interests in the premises. *Davenport* v. *Haynie*, 30 Ill. 59.

The remaining point is, that the master in chancery was directed to sell the premises, if the money allowed by the decree was not paid in thirty days, upon giving twenty days' notice.

In cases where, as in this, there is no right to redeem premises sold under a decree or judgment of the court, this court has uniformly held, that it was error to prescribe a less time than the life-time of an execution, which is ninety days.

*Sink* v. *Architectural Iron Works*, 24 ib. 553; *Stevenson* v. *Coggswell*, 28 ib. 462.*

For these errors, apparent upon the record, the decree is reversed and the cause remanded for further proceedings, consistent with this opinion.

*Decree reversed.*

---

*See also, *James et al.* v .*Hambleton et al.* 42 Ill. 308; *Cronan* v. *Frizell, Admr.*, ib. 319.