Walker v. Walker.

## Samuel O. Walker et al.

### v.

## Martha A. Walker.

1. **Dower—How ascertained.**—Where the property out of which dower is claimed is not susceptible of division, it may be estimated by two modes of procedure by which a money equivalent may be ascertained and paid the dowress; viz: by assignment to her of one-third of the rents, issues and profits, or by ascertaining the yearly value of the dower at the outset, and directing the payment of such sum during the natural life of the dowress. Either of these modes may be pursued, but the dowress cannot have relief by both simultaneously.

2. **Assignment of one-third of the rents.**—Where dower is assigned out of the rents, issues and profits of the land, the amount is not fixed, but varies from time to time as the rents and profits happen to be greater or less.

3. **Assignment by fixing yearly value of dower.**—Where dower is assigned by an estimate of its yearly value, the amount becomes fixed and so remains, irrespective of any mutations through which the rents and profits may pass, and in arriving at the yearly value of dower by this mode, if it appears that by reason of incumbrances or otherwise the dower right is liable to become extinguished some time in the future, such fact should receive due weight in determining its yearly value.

4. **Trial by jury.**—In ascertaining the yearly value of dower by the last mode, the assessment must be made by a jury, and cannot be made by the chancellor. This trial by jury is not like an ordinary case of a feigned issue out of chancery, which may be sent to a jury or not, in the discretion of the chancellor, and where he may disregard the finding, and order a re-trial or proceed and find the issues himself, but the assessment must be made by the jury, and unless their verdict is upon its face an ascertainment of the annual value of the dower it is insufficient to support a decree.

5. **Lien of decree.**—Where dower is ascertained upon an estimate of its yearly value, it may be made a lien upon any real estate of the party against whom the decree is rendered, or the court may order it otherwise secured. It is immaterial what becomes of the property itself out of which dower is assigned.

6. **Incumbrances.**—Where the dowress seeks an assignment of dower by ascertainment of its yearly value, and there appears a subsisting incumbrance upon the premises, a verdict that the yearly value of dower is $1,500 if such incumbrance is not a valid lien, but if it be a valid lien the value of the dower interest is nothing, is insufficient to base a decree upon. In such a case it would be necessary first to determine the question of the validity of the incumbrance in a suit directly upon that issue. A decree based upon such a verdict, directing the payment of the sum found, and if at any time

any portion of the premises is taken to satisfy the incumbrance, the dower interest shall be reduced ratably, cannot be sustained.

7. PURCHASE BY HEIRS OF SUPERIOR OUTSTANDING TITLE.—At the time the right of dower accrued there was outstanding against a portion of the premises a mechanic's lien which was superior to the dower right. Purchase of the master's certificate of sale under proceedings to foreclose the lien, for the benefit of the heirs was made by their attorney, he taking the title in his own name. *Held,* that as he did not undertake to hold for the benefit of the dowress, but only for the heirs, she would have no right to redeem from such sale. *Held,* further, that if the transaction amounted to an extinguishment of the lien, the widow's dower would be superior to any new incumbrance on the premises created by the heirs.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.    Opinion filed March 2, 1880.

Messrs. SMALL & MOORE, for appellants; as to the necessity for a trial by jury, cited Meeker v. Meeker, 75 Ill. 260; Fowler v. Perkins, 77 Ill. 271; Story's Eq. § 624; Scribner on Dower, 674; Perry v. Goodwin, 6 Mass. 498; Martin v. Martin, 2 Green, 125.

Messrs. ISHAM & LINCOLN, for appellee; that if a jury pass upon questions not submitted or not competent for them to pass upon, the court should reject such part and enter judgment on the proper part of the verdict, cited Armstrong v. The People, 37 Ill. 459.

The decree for damages should have been personal against all the defendants: Hitchcock v. Harrington, 6 Johns. 294.

It is the duty of the heirs to pay off liens paramount to dower, and when so paid, dower revives to the widow: Brown v. Lapham, 3 Cush. 551; Sandford v. McLean, 3 Paige Ch. 122; Rossiter v. Cossit, 15 N. H. 38; Mathewson v. Smith, 1 Angell, 22; 1 Scribner on Dower, 525.

The lien was paid by the estate, and the widow's dower in the whole was thereby established: Carter v. Goodin, 3 Ohio St. 76; Hitchcock v. Harrington, 6 Johns, 292; Bolton v. Ballard, 1 3Mass. 227; Coates v. Cheever, 1 Cow. 460; Wedge v. Moore, 6 Cush. 8; 1 Washburn on Real Property, 190.

BAILEY, P. J.    This appeal was heard and decided by this

court at the October term, 1878, at which time a decision was rendered, reversing the decree and remanding the cause for further proceedings. At that time an opinion was filed, in which the grounds upon which the decision was based were stated. Walker et al. v. Walker, 2 Bradwell, 418. As the opinion, however, discusses only the questions arising upon the errors assigned by the appellants, which relate merely to that portion of the decree based upon the verdict of the jury, and omits all reference to the cross-errors assigned by the appellee, some question has arisen as to whether it was the intention of the court to reverse the decree *in toto*, or only so much of it as was based upon the verdict, and some confusion having, as a consequence, crept into our records, the parties have, with our approbation, stipulated for a re-hearing of all the questions arising in the case; and it has been again submitted upon elaborate arguments for both parties.

After full and careful consideration of all that has been urged, we are still of the opinion that so much of the decree as is founded upon the verdict of the jury is erroneous. As was observed in the former opinion, where the property in which dower is to be assigned is not susceptible of division, the statute provides two methods of estimation, as well as two modes of procedure by which a money equivalent for the dower may be ascertained and paid the dowress, in lieu of assigning the land itself. The first is the more easy and simple method of assigning to her one-third of the rents, issues and profits of the land, to be had and received by her as tenant in common with the owners of the estate. Where this method is pursued, the amount to be received in lieu of dower is not fixed, but varies from time to time, as the rents, issues and profits happen to be greater or less. If at any time the rents are increased, her receipts are augmented in a corresponding ratio. If during any period there are no rents, issues or profits, she, while that state of things continues, receives nothing.

The other method is to ascertain at the outset the yearly value of the dower, and direct the payment to the dowress of the sum so ascertained, each year, during her natural life. Where this method is adopted, the amount is fixed, and

remains so, irrespective of any mutations through which the rents and profits may pass. In such case the estimate cannot be based upon the condition of the rents and profits at the time the dower is assigned alone, but also upon the probable condition of the estate during the life-time of the dowress. If by reason of incumbrances, or otherwise, the rents and profits are likely to be diminished or entirely swept away, or the dower right itself extinguished at some time in the future, such facts must receive due weight in determining the yearly value of the dower. It seems clear from the terms of the statute that when the yearly value is thus ascertained, and its payment ordered by a decree of the court, such decree is final, and the amount to be paid is not subject to future adjustment, and so the Supreme Court has held in Carter v. Stookey, 89 Ill. 279, and in Donoghue v. City of Chicago, 57 Id. 235. It may be made a lien upon any real estate of the party against whom the decree is rendered, or the court may require it to be otherwise secured. It is immaterial as to what may become of the property itself out of which the dower is so assigned, since the annual payment remains a charge against the defendant in the decree. Durham v. Mulkey, 59 Ill. 91.

The statute provides, where this mode of assigning dower is resorted to, that " a jury may be impaneled to inquire of the yearly value of the dower therein, who shall assess the same accordingly, and the court shall thereupon enter a decree that there be paid to such person as an allowance in lieu of dower, on a day therein named, the sum so assessed as the yearly value of such dower, and the like sum on the same day of each year thereafter, during his or her natural life, and may make the same a lien on any real estate of the party against whom the decree is rendered, or cause the same to be otherwise secured."

It is plain that the assessment of the annual value of the dower must be made by a jury, and cannot be made by the chancellor. It is not like the case of an ordinary issue out of chancery, which may be sent to the jury or not, in the discretion of the chancellor, and where he may disregard the finding if he believes it wrong, and order a re-trial, or proceed with the trial and find the issue himself. The statute requires that the

assessment shall be made by a jury, and nothing is left to the discretion of the chancellor. Meeker et al. v. Meeker, 75 Ill. 260. Unless, then, the verdict is, on its face, an ascertainment of the annual value of the dower, it is insufficient to support a decree.

The jury, by their verdict, have merely found that if a certain apparent incumbrance on the property shall turn out to be invalid, the yearly value of the dower is $1,500; but that if it shall turn out to be valid, the dower has no value. Here is no assessment of the annual value of the dower within the meaning of the statute. Doubtless the existence and validity of the incumbrance in question was a matter which was proper, and indeed necessary to be determined, before a just assessment of the annual value of the dower in the property thus apparently incumbered could be made. But it was the duty of the jury to consider the situation of the property, and all its circumstances, and fix upon some sum, definitely and absolutely, as the yearly value. They might, with the same propriety, have made their assessment hypothetical upon the existence of any other fact affecting the value of the dower. They might as well have found that in case certain anticipated improvements in the vicinity should be made, the annual value of the dower would be one sum, and if not, another sum.

It may be said that the question as to whether the apparent incumbrance on the property is a valid and subsisting lien thereon cannot be decided until the determination of a suit in another court in which that question is directly in issue. That may very likely be true, but it only follows that this question, so long as it remains undecided, presents a very serious difficulty, if not an insuperable obstacle in the way of apportioning dower in the mode here attempted. It was not necessary for the petitioner to seek to have her dower assigned in this way, but so long as she pursues this particular remedy, she must do so subject to such difficulties as the peculiar situation of the property renders unavoidable. There can be no doubt that the question of the validity of the incumbrance, is a question of the most vital importance in determining the value of the dower. It consists of a deed of trust in the execution of which the

dowress joined with her husband, and the amount of which exceeds the entire value of the property. If it is held to be a subsisting lien to its full apparent amount, the instant it is foreclosed the petitioner's right of dower will be extinguished. In that case, the entire value of the dower cannot exceed one-third of the rents, issues and profits up to the date of the foreclosure. If, on the other hand, it is determined that the deed of trust is not a lien on the property, then it results that the petitioner is entitled to dower in an unincumbered piece of property worth, as the evidence shows, not less than $90,000. We see no way in which the annual value of the dower in this property can be assessed without a manifest wrong to one party or the other, until the validity of the lien is finally determined in some proceeding in which that question is directly involved.

We do not think the jury were at all censurable for failing to decide the effect which the incumbrance should be deemed to have upon the yearly value of the dower. The questions involved were, many of them, difficult questions of law, and the holders of the incumbrance were not before the court, so that the conclusions arrived at by the jury, whatever they might be, would not bind them, and might be wholly set aside and disregarded when they came to have their rights passed upon by some competent tribunal. The validity of the incumbrance, therefore, was a matter which the jury were not competent, and were not in a position, to decisively adjust.

But even if the verdict could be held to answer the requirements of the statute, we are inclined to the opinion that the decree cannot be sustained. Its provisions, so far as they relate to the premises covered by the verdict are, that said sum of $1,500 be paid to the complainant annually during her natural life, in quarter-yearly installments of $375 each, and that said payments be made a specific lien on said premises; but it was provided that in case said deed of trust should hereafter be found and held to be a valid and subsisting incumbrance on said premises as against the complainant, and any portion of the premises should be taken and applied to the satisfaction thereof, "then and in that case this court will, upon proper application made, make a fair, ratable reduction from the

amount of said sum of $1,500, and will make a ratable reduction in each of the payments hereinbefore provided to be made quarterly as aforesaid; and said quarter-yearly payments to said complainant, so reduced as aforesaid, shall thereafter be and remain a charge upon the rest and residue of the said premises."

The terms of the decree leave it uncertain whether, in case any of the premises should be taken to pay the incumbrance, it was intended that the proposed reduction should apply to the payments which should then be already made to the petitioner as well as to future payments. But as there is no provision for collecting back from her any portion of the money paid her, either by way of reserving it out of the future payments or otherwise, we think that cannot be the intention of the decree. As we interpret the language used, it gives her, absolutely, the $1,500 per annum, so long as no portion of the premises is actually taken and applied to the payment of the incumbrance. After that, a reduction of future payments proportionate to the amount taken, is to be made.

It is manifest that in this way, if the incumbrance should be held to be a subsisting lien, the petitioner will receive more than the jury were disposed to award her. Their finding was that if the incumbrance should be held valid, her dower was of no value. This portion of the finding is not challenged by the petitioner as erroneous, and so far as this appeal is concerned, it must be deemed to be conclusive upon her as to the fact thus found. So long, then, as the validity of the incumbrance remains an open question, it cannot appear that the petitioner is entitled to anything in lieu of her dower. We are unable to perceive, therefore, what warrant the court could find in the verdict, for decreeing the payment to the petitioner of any sum whatever until the question of the incumbrance should be disposed of.

It is urged, however, with great apparent earnestness, that so long as the incumbrance is not foreclosed, the widow is entitled by law to one-third of the rents, issues and profits of the premises, and that the decree only gives her in that respect precisely the measure of her legal rights. Undoubtedly, had she asked to have her dower assigned to her out of the rents, issues

and profits, she would have been entitled to receive the same until her rights are extinguished by the incumbrance. But she has not chosen to pursue that remedy. Instead of taking one-third of the rents, and profits, whatever they may be, and holding the same subject to being defeated by the incumbrance, she is seeking to have established for her an annuity for life. She has a right to obtain an equivalent for her dower in either of the two modes pointed out by the statute, but she cannot pursue both modes simultaneously, nor can she obtain relief in part by one and in part by the other. The two modes of procedure are so unlike that they cannot be joined in relation to the same property. Her present decree must find its warrant, not in the relief she might have been entitled to in another mode of procedure, but in the assessment of the annual value of her dower, which the jury have made in this proceeding.

In accordance with the views above expressed, we hold that the verdict of the jury is insufficient and irregular, and that the decree, so far as it is based thereon, is erroneous.

We will now consider the cross-errors assigned by the petitioner. Complaint is made of the rulings of the court in relation to the priority over the petitioner's right of dower of a certain incumbrance upon a portion of the real estate described in the petition, and known as 79 and 81 Randolph street. It seems that at the time of the death of Martin O. Walker, the petitioner's husband, said premises were subject to a mechanic' lien, which, it is not disputed, was superior to the petitioner's dower. This lien was subsequently foreclosed, and the property sold thereunder, and the twelve months in which the owner could redeem was to expire on the 22d day of March, 1877. Shortly before that date, Mr. E. A. Small, the attorney for the heirs of Walker, bought the certificate of sale with his own money, and there being no redemption, subsequently took a deed from the master, in his own name. This purchase by Small was made in pursuance of an arrangement between him and his clients by which, as they had no money with which to make the redemption, he agreed to furnish the money and take the title in his own name, and hold the premises, as between himself and his clients as mortgagee. At the time of making the purchase, he took quit-

claim deeds conveying to himself the equity of redemption of said heirs.   The agreement was that he should hold the property, subject to redemption by the heirs, or the administrator, or their assigns, by paying to him the sum it had cost him, and ten per cent. interest.   The evidence, however, shows that he did not take, or undertake to hold, the title for the benefit of the widow, and that there was no agreement that she should have any right to redeem from him.

It is claimed that by this arrangement Small, in effect, paid off and extinguished the mechanic's lien, and that the transaction was merely a loan by him to the heirs of the money necessary for that purpose, and the taking of a new incumbrance on the property as security for its re-payment.

We quite agree with the learned counsel for the petitioner, that if the transaction amounted to a payment and extinguishment of the mechanic's lien, the widow's dower would be superior to any new incumbrance the heirs could execute.   But we are unable to concur with them in the view that such was the real nature of the transaction.   Small had an undoubted right to buy in and hold the incumbrance without extinguishing it, and if such was in fact his intention, and also the intention and understanding of his clients, for whose benefit he was acting, and his acts were in harmony with that intention, we see no reason why it should not be held that the transaction was a purchase rather than a payment of the lien.   That both Small and the heirs designed that the lien should be kept in force, and allowed to mature in Small's hands into a paramount title, there can be no doubt.   Instead of having it canceled and satisfied, Small, in pursuance of the arrangement, obtained a master's deed to himself, at the expiration of the fifteen months' redemption.

Counsel seem to suppose that the execution of the quit-claim deeds by which the equity of redemption of the heirs was conveyed to Small, of itself, establishes the fact of the extinguishment of the mechanic's lien.   Their argument is, that even admitting that the original transaction was a purchase of the lien, these conveyances show that he afterwards purchased the land itself, and that part, and least, of the consideration of the pur-

chase, must have been the lien already taken up, and that, therefore, the estate of Walker, by turning out to Small the land itself, furnished the fund by which he was reimbursed for his expenditure in purchasing the lien.

Counsel, we think, are in error in supposing that the execution of the quit-claim deeds was subsequent to the purchase of the lien. As we understand the evidence, they were a part of the same transaction, and were executed at the time of or prior to the purchase. The execution of those deeds, then, was not an independent sale of the land itself, but a mere surrender to Small of an equity of redemption then almost extinguished, for the purpose, it may be presumed, of removing from the title any possible cloud such equity might create.

The rulings of the court below, both in the admission of evidence and in his instructions to the jury, were in harmony with the views we have expressed, and so far as this question was concerned, were in no respect erroneous.

The remaining cross-errors call in question the propriety of certain modifications made by the court below to two of the instructions asked on behalf of the petitioner, on the subject of the assessment of damages. The first of said instructions, as asked, was as follows:

" The court instructs the jury that it is their duty in this cause to inquire into and ascertain the damages to which the complainant is entitled for the detention and refusal to assign her reasonable dower; that such damages are to be inquired into and determined since the time of filing the petition in this cause; that the complainant is entitled as such damages to one-third of what the jury shall find, from the evidence, to have been the yearly value of the rent of the premises in which she has dower, for the period that has accrued subsequent to the filing of the petition in this cause, deducting therefrom one-third of the annual taxes assessed upon said lands during the same period, and paid by the defendants, or any of them, and also one-third of the interest upon any incumbrance upon any parcel of said land for the same period, and paid by the defendants, or any of them, and also one-third of all insurance and repairs so paid for any building and improvements in which the said complainant has dower."

Walker v. Walker.

The court modified this instruction by striking out the words "and paid by the defendants, or any of them," where they occur twice, and gave it to the jury as modified.

The other instruction as asked was as follows:

"The court instructs the jury that it is their duty to ascertain from the evidence in this cause the annual value of the dower of the complainant in the lands in which she has in this suit been adjudged to be entitled to dower, and that by such annual value is meant the sum of money per year which is equal to one-third of the net productive value of said lands."

This instruction was modified by adding thereto the following words, and given as modified, viz:

"After deducting from such, one-third of the annual taxes, repairs and insurance, and one-third of the interest on all incumbrances, that were on any of the land at the time of the death of M. O. Walker."

These instructions, as modified, stated the rule of damages as the same has been repeatedly laid down by the Supreme Court. Peyton et al. v. Jeffries, 50 Ill. 143; Bonner et al. v. Peterson, 44 Id. 253. See, also, Walsh v. Reis, 50 Id. 477. We see no error in the modifications.

The decree, so far as it is based upon the verdict of the jury, above mentioned, will be reversed, and the cause remanded for further proceedings in that behalf not inconsistent with this opinion. In all other respects the decree will be affirmed, and the judgment rendered in this cause at the October term, 1878, will be modified so as to be made to conform to the directions here given.

Decree reversed.