Cool v. Jackman.

Reversed.

## JOHN T. COOL ET AL.

### v.

## NATHANIEL JACKMAN ET AL.

1. STATEMENT.—William and Deborah Cool were married in 1859. In 1874 they mortgaged their farm and dwelling house, Deborah releasing her homestead and dower right. After the death of the husband in 1877, the mortgage was foreclosed and the land decreed to be sold. Jackman was ap-

pointed receiver to collect rents, etc.  The purchase price together with the rents was more than sufficient to satisfy the decree.  The rents were for the period between the date of the husband's decease and the expiration of the time of redemption.  During this period the widow occupied the dwelling-house, etc., free of rent.  The question at issue was to whom the receiver should pay $1,659, the surplus of the rents.

2.  CONSTRUCTION OF STATUTE.—Section 27 of the Dower Act of 1845 gave no right of dower other than that provided in section 1 of said act.  It merely afforded an additional remedy to enable the widow to enforce the right of dower already conferred by said section 1.  As the section only affected the remedy it was competent for the legislature to repeal it at any time.

3.  DOWER—ASSIGNMENT BY HEIRS.—It was error for the court below to decree the whole of the surplus rents in the hands of the receiver to be paid to the widow.  If no demand for the assignment of her dower was made by the widow, then appellants, the heirs at law, are entitled to the whole of the rents.  But if, as the decree finds, she filed a petition for such assignment of dower against appellants, then that was a sufficient demand to give her a claim on one third of whatever rents have accrued since that time as damages.

4.  CHARGING TRUSTEE INTEREST.—As the evidence shows that the receiver has used the rent money received by him in his trust capacity, in his own business, it was proper for the court below to charge him interest.

APPEAL from the Circuit Court of Madison county.  Opinion filed October 10, 1883.

Messrs. METCALFE & BRADSHAW, for appellants; that the rights of the widow in these lands are to be governed by the laws in force at the husband's death and not by those in force at his marriage, cited Henson v. Moore, 104 Ill. 403; Foltz v. Prouse, 17 Ill. 487.

Mr. J. GILLESPIE, for appellees; that the right of dower after conjunction of marriage and seizin is a vested right, and beyond legislative control, cited Russell v. Rumsey, 35 Ill. 372; Wade on Retroactive Laws, § 180.

BAKER, J.  William Cool, since deceased, and Deborah Cool, one of the appellees herein, were married on the 10th day of July, 1859.

They lived together as husband and wife on a tract of land in Madison county containing some six hundred acres, and

owned by the husband, until the 17th day of July, 1877, when he died leaving appellants his heirs at law. In November, 1874, this land, including the dwelling-house, was mortgaged to secure an indebtedness of $50,000, the said Deborah releasing her homestead and dower. After the death of the husband the mortgage was foreclosed in the Circuit Court of the United States for the Southern District of Illinois and the land decreed to be sold; and Nathaniel T. Jackman was appointed receiver to collect the rents and profits and pay them into court. Afterward the land was sold, and the purchase price together with the rents collected by the receiver were more than sufficient to satisfy the decree. The rents were for the period intervening between the date of the decease of the, husband and the expiration of the time of the redemption. During this period the widow, Deborah Cool, occupied the dwelling-house, out buildings and about seventy acres of land adjoining, free of rent. A surplus of $1,659 of the rents collected by the receiver, was by order of the court returned to him with instructions it should be paid to such persons as he might be advised were entitled thereto under the law.

In 1882, Jackman, the receiver, exhibited his bill of interpleader in the Madison county Circuit Court against appellants and Deborah Cool, the widow, and such proceedings were had thereon as resulted in a decree as to the whole of said surplus of rents in favor of said widow and against appellants.

Section 27 of the Dower Act of 1845, provides as follows: "The widow may in all cases retain the full possession of the dwelling-house in which her husband most usually dwelt next before his death, together with the out-houses and plantation thereto belonging, free from molestation and rent until her dower be assigned." This section was repealed by the Revised Statutes of 1874. It is contended by counsel for Deborah Cool, that as this section was in force at the time of the marriage in 1859, and the husband was then seized of the real estate out of which the rents issued, the wife had a vested right in her dower interest therein and was entitled under the

Cool v. Jackman.

section in question to retain possession of the dwelling-house and plantation free from rent until her dower was assigned, and as her dower has never been set off, she is the owner in equity of all this surplus of rents; and that having such vested rights, the legislature had no power to take it away from her by the repeal of said section 27.

There is some conflict in the authorities as to when dower assumes the character of a vested right—whether by marriage and seizin, or only upon the death of the husband. It is stated in Cooley's Constitutional Limitations (3d ed. p. 361), " the inchoate right of dower does not become property or anything more than a mere expectancy at any time before it is consummated by the husband's death." The doctrine has frequently been announced in the courts that the right of dower may be enlarged, abridged or entirely taken away at any time before the death of the husband. See Barbour v. Barbour, 40 Maine, 9; Noel v. Ewing, 7 Ind. 37; Lucas v. Sawyer, 17 Iowa, 517, and the very full collection of authorities cited and discussed in these two latter cases. See *contra*, Russell v. Rumsey, 35 Ill. 372; Kelly v. Harrison, 2 Johns. Cas. 29, and Dunn v. Sargent, 101 Mass. 336.

In this State the cases of Blair v. Harrison, 11 Ill. 384, and Henson v. Moore, 104 Ill. 403, are seemingly in conflict with Russell v. Rumsey.

But for the purposes of a decision in the matter now before us it is unnecessary to determine the point whether the right to dower becomes a vested right by marriage and seizin alore, or only when the additional element of the decease of the husband is added. So far as concerns the wife the right of dower is the same under our present statute that it was at the time of the marriage and under the statute of 1845; the widow then was and now is endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same had or has been relinquished in legal form. Section 27 of the Dower Act of 1845 gave no right of dower other than that provided for in section 1 of said act—it merely afforded an additional remedy to enable the widow to enforce the

right of dower already conferred by said section 1. It then was, and still is, the duty of the heir at law to lay off and assign dower as soon as practicable after the death of the husband. Then, as now, if the heir did not within one month after the death of the husband set off dower, the widow might sue for and recover the same by petition in chancery. As an adjunct to and augmentation of the other remedies afforded her in that behalf, the section under consideration allowed her to retain possession of the dwelling-house and plantation free from rent until dower was assigned. As the section only affected the remedy, it is clear it was entirely competent for the legislature to repeal it at any time.

It was error to decree the whole of the surplus rents in the hands of the receivers should be paid to the widow. If no demand was made by the widow for the assignment of her dower, then appellants are entitled to the whole of the rent. But if, as the decree finds, she filed a petition for the assignment of dower against appellants, then that was a sufficient demand to give her a claim to one third of whatever rents have accrued since that time as damages. R. S., Chap. 41, Sec. 41; Atkin v. Merrel, 39 Ill. 62; Bonner v. Peterson, 44 Ill. 253; Peyton v. Jeffries, 50 Ill. 143; Walsh v. Reis, Id. 477.

Jackman, the receiver, has assigned as a cross-error the action of the court in decreeing that he should pay interest on the rent money refunded to him by the order of the United States court. The evidence shows he has used the money in his own business. It was received by him in his trust capacity; and the circuit court properly charged him with interest.

The decree is reversed and the cause remanded.

Reversed and remanded.