## MARGARET M. DONOGHUE

*v.*

## THE CITY OF CHICAGO.

DOWER—*allowance to widow in lieu of dower under sec. 28, of dower act— whether equity has jurisdiction to change it.* Where a widow has petitioned to recover dower, and by reason of the indivisibility of the property an allowance has been made to her, under the 28th section of the Chapter on Dower, in lieu of dower, the sum so fixed can not afterwards be changed by a court of equity by reason of the property subsequently becoming greatly enhanced or depreciated in value.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

This was a suit in chancery, brought by Margaret M. Donoghue against The City of Chicago, for a re-assignment of dower in certain premises.   The defendant filed a demurrer to the bill, which was sustained by the court, and the complainant electing to abide by her bill, the same was dismissed.   The complainant appeals.

Messrs. DENT & BLACK, for the appellant.

Mr. M. F. TULEY and Mr. I. N. STILES, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The question involved in this case is, whether, when a widow has petitioned to recover dower, and by reason of the indivisibility of the property, an allowance has been made to her in lieu of dower, the sum so fixed becomes conclusive and can not be changed by a court of equity, although the property may subsequently become greatly enhanced or depreciated in value.

The facts alleged in the bill and admitted by the demurrer are briefly these :   On the 3d day of October, 1860, the appellant filed her petition in the Circuit Court of Cook county, for dower in certain premises, against Joseph N. Barker, and The City of Chicago, and upon the hearing she was found to be entitled to dower, and thereupon commissioners were appointed by the court to assign dower, under the statute, who, at a subsequent term of the court, reported that the premises could not be divided, nor dower assigned, without manifest injury to the rights of the parties interested therein.   Upon the confirmation of the report, a jury was called and assessed the yearly value of the dower in the premises at the sum of seventy-five dollars, and the court decreed the payment of that sum, and a like sum annually, in lieu of dower, during the natural life of the dowress.

Since the rendition of the decree in the former proceeding, the property has greatly risen in value, so that the sum of seventy-five dollars per annum is now grossly inadequate as an allowance for dower therein, the premises being worth the sum of thirty thousand dollars without any improvements, and would readily rent, unimproved, for a term of years, for at least fifteen hundred dollars, and that sum is the present fair rental value.

Our statute follows the common law, and declares that " a widow shall be endowed of the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been released in legal form. " It is also provided, that whenever it is practicable to do so, the dower shall " be set off and allotted to the widow, by metes and bounds, according to quality and quantity. "

In view of the fact, that some estates could not be divided without great detriment to the rights of the parties interested, in case of a division giving to the widow a portion too small for profitable use, the legislature, to make provision whereby the widow should receive the benefit of her right, and the estate should not be rendered valueless by an unwise division, enacted the 28th section of the chapter on dower, in which it is provided, that when " the land or other estate is not susceptible of a division without great injury thereto, a jury shall be empaneled to inquire of the yearly value of the widow's dower therein, and shall assess the same accordingly ; and the court shall, thereupon, render a judgment, that there be paid to such widow, as an allowance in lieu of dower, on a day therein named, the sum so assessed as the yearly value of her dower, and the like sum on the same day in every year thereafter, during her natural life. "

The policy of the common law was, doubtless, that the dower should be assigned by "metes and bounds, " one-third of the estate itself. Much trouble arose out of the difficulty, in some estates, of making an equitable division of the property,

238        DONOGHUE *v.* CITY OF CHICAGO.        [Sept. T.,

Opinion of the Court.

so that the same could be enjoyed by the dowress and the heir. Obviously, to avoid the practical difficulties in the way of assigning dower by " metes and bounds " in certain estates, too limited in extent to be profitably divided, the statute above referred to was enacted. The power of the legislature to make such a provision for the maintenance of the widow, in lieu of dower, at common law, can not be questioned. Indeed, the right of dower might be abolished by legislative power, if deemed expedient, and other more beneficient provision made.

The effect of the statute is, where lands are found to be indivisible, and the yearly value of the dower is assessed in the mode prescribed, that such assessment, by force of the statute, stands in lieu of dower and the heir or the owner of the fee will take the estate discharged from dower, but instead thereof, burdened with a certain annuity during the natural life of the widow. Such is the plain meaning of the law, and if it works hardships in certain cases, only the power that enacted it can afford the remedy. It is not in the power of a court of equity to relieve against the force of a statute, the meaning of which is not doubtful.

In the case under consideration, the yearly value of the dower was fixed by the decree of the court, some ten years ago, and the aid of a court of equity is now invoked to relieve against the effect of that decree, on the ground that, since the former proceedings were had, by reason of the enhanced rental value of the premises, the yearly value of the dower as then fixed by the court is grossly inadequate.

It is not perceived how a court of equity will obtain jurisdiction to afford the relief sought. The grounds of equitable jurisdiction are, usually, fraud, accident or mistake. None of these elements are to be found in the case under consideration. It is not pretended that the decree was not fairly pronounced, or that the value of the dower was not then fairly assessed. Had the assessment been unfairly obtained, or for an inadequate amount, the widow would at that time have been permitted to contest it, and would have been entitled to have a reassessment.

Not having done so, we will presume that the assessment was fairly obtained, and for the proper amount.

It is not doubted, that, at common law, if the sheriff was guilty of fraud in making the assignment of dower, equity would relieve either party, and order a re-admeasurement of dower. To this effect are the cases, *Hoby* v. *Hoby*, 1 Ver. 218, and *Sneyd* v. *Sneyd*, 1 Atk. 442. It is believed that no case can be found where a court of equity ordered a reassignment of dower, unless where the bill charged fraud or mistake. Relief has been granted where the title to the lands assigned to the widow or heirs has failed after assignment, and a reassignment ordered, as in the case of *Singleton's Heirs*, 5 Dana, 87.

We have not been referred to a single case that holds the contrary doctrine.

The questions involved in the case of *Gove* v. *Cather*, 23 Ill. 634, cited by counsel, are not analogous to the one we are considering, and the reasoning of the court will not be regarded as controlling the decision of this case.

In this instance it was found that the appellant could not have dower assigned to her by "metes and bounds," and by the decision of the court, she got all that the law provided she should have in "lieu of dower," and there being no fraud or mistake charged in the proceedings, there is no ground for equitable relief, and the decree of the circuit court is affirmed.

*Decree affirmed.*