JONATHAN Y. SCAMMON *et al.*

*v.*

SARAH A. CAMPBELL.

1. DOWER — *effect of answer on question of seizin of husband.* On bill for dower the answer admitted that the title at one time was vested in a person of the same name of the complainant's husband, but required proof of iden-

tity : *Held,* that.the question of seizin was not in issue, and that the identity could be shown by parol testimony.

2. SAME — *yearly value when purchasers have made improvements.* Where city lots, of which dower is sought, were unimproved when conveyed by the husband of the dowress, and dower cannot be assigned by metes and bounds without prejudice, it is proper, in assessing the yearly value of the dower, to give the widow one-third of the rental value of the lots without the improvements, so long as she may live. Her age and how long she may live are not proper to be considered by the jury in making their assessment.

3. SAME — *joint decree against several owners, erroneous.* Where the de fendants in a petition for dower in city lots own undivided interests in the same, and the yearly value of the dower is assessed and the damages, it is error to render a decree against all the defendants jointly and severally for the whole amount so assessed. It should be apportioned among the defendants according to their several interests and a decree entered against each for his proper share thereof.

4. SAME — *decree as to time of payment in lieu of.* It is error to require the full payment of a widow's yearly assessment in lieu of dower, to be paid before the expiration of the year, as, if she should die, she might thereby receive compensation for her interest after her death. Payment may be required quarterly.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. SCOVILLE & BAILEY, for the appellants.

Messrs. WHITESIDE & BUSH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a petition in the Superior Court of Cook county, for dower, presented by Sarah A. Campbell, as the widow of James B. Campbell, deceased, who died intestate. The defendants in the petition were J. Y. Scammon, John D. Jennings and John L. Clark, who, it was alleged, were, or claimed to be, the owners in fee of some title or interest in the lots which are described as sub-lots one, two, three of lot four, in

George Smith's subdivision of lot four in block thirty-five, original town of Chicago.

The bill was taken as confessed against Scammon, he having failed to plead, answer or demur in obedience to a rule entered against him.

The other defendants, Jennings and Clark, answered, denying the claim of dower, but averring they own in fee an undivided portion of the premises — Clark one undivided five-twelfths, and Jennings one undivided two-twelfths thereof. They admit that at one time the title to this property was vested in one James B. Campbell, and raise the question only of identity with the James B. Campbell whose widow the petitioner claimed to be.

Issue was made up and the cause submitted to a master in chancery to take proofs and report the same to the court. On the coming in of the report of the master the court finds that the petitioner was the widow of the said James B. Campbell, who died intestate, and that during the coverture of petitioner with him he was seized of an estate of inheritance in fee simple to these sub-lots one, two and three, the same being then vacant and unimproved, and that defendants claim title through him; that defendants have put the improvements on the premises, and that petitioner is entitled to dower in the sublots, she not having released the same; and thereupon the court decreed that the petitioner be endowed of one full equal third part of said premises during her natural life, with the rents, issues and profits thereof since the filing of her petition, and commissioners were appointed to assign and set off her dower, they being directed to take the oath required by law, and to go on the premises and set off her dower and make return.

The commissioners, after being duly sworn, reported they went upon the premises and examined them, and each tract thereof, and that they were so circumstanced a division could not be made without manifest prejudice to the proprietors of the same.

29—75TH ILL.

Whereupon, on the 31st July, 1874, the court ordered that a jury come, who were sworn to inquire into the yearly value of the dower, and to assess the same. This was done, and a verdict rendered assessing the yearly value of the dower at eight hundred and forty dollars, and her damages at three hundred and fifty dollars.

A motion for a new trial being overruled, the court decreed that the petitioner receive of Scammon, Clark and Jennings eight hundred and forty dollars as the yearly value of her dower in said sub-lots, and that they pay to her on the 1st day of February, 1875, the first year's instalment, to wit, eight hundred and forty dollars, for the year ending the 31st day of July, 1875, and the like sum on the 1st day of February in every year thereafter during the natural life of the petitioner; and demand of payment upon any one of the defendants, after the same shall fall due, shall be held as a sufficient demand upon all, and that the same be a lien on the premises, and executions may issue from time to time. The damages (three hundred and fifty dollars) to be paid by said defendants within twenty days, and costs of suit ; and in default of payment, collection may be enforced as money judgments are enforced in courts of law.

To reverse this decree the defendants appeal, and make several points which will be noticed.

The first point made by appellants is, there was no evidence to prove the husband of petitioner was ever the owner in fee of any part of these premises.

We think this point not well taken. The petition avers a seizin in fee simple of these lots in James B. Campbell, and that defendants claim title through him. The default of Scammon admits it, and the defendants Jennings and Clark in their sworn answer admit that the title to these lots was at one time vested in one James B. Campbell, but whether it was the same Campbell named in the petition, and the husband of the petitioner, they say they have no knowledge, and require the

petitioner to make proof thereof, thus raising a question of identity alone. *Osborne et al.* v. *Horine,* 17 Ill. 92.

The fact of identity was clearly established by the testimony of the petitioner. Such questions are open to parol evidence. 2 Greenl. on Ev. 304. The question of seizin of James B. Campbell was really not in issue. It was an admitted fact.

The next point made is on the finding of the jury, as produced by the admission of improper testimony on behalf of the complainant.

The theory of the defense, if we comprehend it, is, that the rental value of these premises should be based on the value of such a lease as the petitioner, an aged lady of sixty-one years, could give.

We do not esteem this as the true theory. Whilst petitioner cannot be endowed of the improvements put upon these lots, she is in law entitled to one-third the yearly rental they would bring, if rented by the owners, in an unimproved condition. In the heart of a city like Chicago, such a rental must have great value, and competent witnesses fix it at six per cent on the valuation of the lot, calculated by the front foot, which would be equivalent — one-third thereof — to eight hundred and forty dollars, the amount found by the jury. We perceive no objection to this assessment, the improvements not having entered into the computation, nor could a more just and equitable rule be adopted. The estate remains entire, and the rents thereout are apportioned between the owners of the fee and the dowress — two-thirds to the first, and one-third to her. It can make no difference, nor is it a subject to be considered, how long she may live. The only hazard is, that the rental value may depreciate in process of time, but there is an equal chance perhaps that it may rise.

Another point made by appellants, and assigned as error, is in rendering a decree against all the defendants jointly and severally for the amount assessed as dower and as damages — that

the decree makes each of the defendants liable for the whole amount.

This error, which appellee seems to concede, and of which we have no doubt, it is suggested by her counsel might be corrected by this court. One member of the court is of opinion it can be and should be corrected here, without the expense attending a reversal, and a remandment with directions, but the majority of the court is of opinion it is an error sufficiently grave to demand a reversal. That it is error has been held by this court. *Atkin* v. *Merrell*, 39 Ill. 63 ; *Peyton* v. *Jeffries*, 50 ib. 143.

It was also error to decree the full payment of the yearly amount of the dower in the middle of the year. As well stated by appellants, if the petitioner should die on the second day of February she would have received compensation for her interest for about six months after her death. The payment should be complete from February first to the first of the next February, and the court might decree that the payments should be made quarterly.

As the decree must be reversed and the cause remanded, more satisfactory proof of the extent of Scammon's interest might be furnished. There is no allegation in the bill in this respect. For the reasons given, the decree is reversed and the cause remanded.

*Decree reversed.*