MELISSA CARTER

*v.*

LUCETTE S. STOOKEY.

1. DOWER—*insurance to be taken from rental value.* When property is of such a character that insurance of it is necessary and proper as a prudent business transaction, the amount necessary for such insurance should be deducted from the rental value of the property, in determining the value of dower therein. The assessed value of the dower, once adjudged, can not be modified, even if the buildings are destroyed by fire.

2. SAME—*time to pay damages in lieu.* Where the yearly value of dower has to be assessed because the premises are incapable of division, it is error to require full payment of the dower before the expiration of the year.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was a bill filed by appellee, the widow of Samuel Stookey, asking the assignment of dower to her in certain real estate which her husband, owning during coverture, conveyed to appellant by deed in January, 1872. Samuel Stookey, the husband of appellee, died in September, 1875. On October 11, 1875, appellee made a demand on appellant that her dower in the premises be assigned. This demand was not complied with, and the bill was filed soon afterwards. The answer conceded the right of appellee to dower in the premises. The premises being incapable of division, without detriment, a jury was impaneled, by consent, to assess the yearly value of the dower and damages for the detention thereof.

This assessment was made at the January term, 1877. The jury fixed the yearly value of the dower at $260, and upon that basis allowed $325 as damages for the detention of the dower up to that date. A motion by the defendant was made for a new trial, which motion was overruled and a decree entered upon the verdict, requiring one-half of the amount of the annual value of the dower so assessed, to be paid upon the 1st day of February, 1877, and one-half every six months thereafter, during the natural life of complainant. From this decree defendant appeals to this court.

Messrs. G. & G. A. KŒRNER, for the appellant.

Mr. CHARLES W. THOMAS, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The first point made is, that the assessment of the value of the dower is higher than warranted by the weight of the testimony. The question of fact in dispute on that subject was as to the rental value of certain premises. Many witnesses testified on this subject, and gave opinions widely varying from each other, and in addition certain facts were proved,

and among others that a certain portion of the property was, in fact, rented to a responsible tenant for $700 a year. So far as we can perceive from this record, the verdict of the jury is not so palpably against the teachings of the testimony as to make it apparent to us that the circuit court erred in refusing to set aside the verdict on that ground.

On the trial, defendant offered to prove what the insurance of the property would be worth a year. The court refused to permit evidence on that subject to be given to the jury, and in this it is insisted the court was in error.

Where property is of such character that insurance of it is necessary and proper as a prudent business transaction, it has been held by this court that the amount necessary for such insurance should be deducted from the rental value of the property in determining the value of the widow's dower. This assessed value, once adjudged, can not be modified by the increase or decrease of the rental value of the property, even if destroyed by fire. *Donoghue* v. *City of Chicago*, 57 Ill. 235.

The proof offered on this subject should have been admitted. It was error to exclude it.

Lastly, it is insisted that the decree is erroneous because it requires the full payment of the dower before the expiration of the year. It was held in *Scammon* v. *Campbell*, 75 Ill. 223, that this was error.

For these errors the decree must be reversed, and the cause remanded for a new trial, and further proceedings in accordance with the views expressed in this opinion.

*Decree reversed.*