# PHŒBE G. STRAWN

## *v.*

# JACOB STRAWN'S HEIRS.

1. WIDOW—*of her rights before dower is assigned—as to the occupancy of the homestead.* Under the 27th section of the dower act, the widow may, in all cases, retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the out-houses and plantation thereto belonging, free from molestation and rent, until her dower be assigned; and this right extends to the entire plantation, without regard to its size, which, in this case, contained about three thousand acres.

2. And being entitled to all the rents and profits arising from such plantation, the widow must pay all the taxes on it, and bear all the expense of its control and management, during the time she has such exclusive enjoyment thereof.

3. SAME—*of the rights of the widow before dower is assigned—as to the profits arising from lands other than the home farm.* A widow is not entitled to any portion of the rents and profits arising out of lands other than the home plantation, before her dower is assigned, except from the time she makes demand for her dower, although her right of dower may attach to such other lands. The scope of the 17th section of the dower act is, to prevent the widow from suing for her dower for a period of one month after the death of her husband, thus affording the heir or remainderman ample time within which to make an assignment, and on his failing to do so, her right of action accrues. The 26th section, requiring a demand by the widow, was designed to free the heir or remainderman from damages, until she should make demand and put him in further default.

4. DAMAGES—*for non-assignment of dower—of the measure thereof—and from what time to be computed.* Under the 26th section of the dower act, the widow is not entitled to damages for non-assignment of dower until she makes demand therefor. But an actual formal demand has not been held necessary. If facts appear from which it can be seen that the heir or remainderman is unwilling, and that such a demand would be unavailing, then it may be dispensed with. Or, if the heirs or remaindermen are minors, as they or their guardian cannot assign dower, a formal demand would be useless, and the commencement of a suit by the widow will be a sufficient demand.

5. In this case, within the thirty days allowed the heirs to assign dower, they, having all attained their majority, filed their petition to assign dower and have the property partitioned; and this was regarded as manifesting a determination on the part of the heirs not to assign dower.

6.  Moreover, after the heirs had filed their petition, the widow proposed to one of them to have her dower assigned without the delay and expense of a suit for that purpose, but he said they could never agree. This proposition was tantamount to a demand, and the reply of the heir operated as a refusal. And there being several heirs, whose joint action was necessary to make an assignment, the refusal of one of them operated the same as a refusal by all.

7.  The widow interposed a demurrer to the petition of the heirs, after her proposition for an assignment of her dower had been rejected, but the delay occasioned thereby could not prejudice her rights, as it was her privilege to have the pleadings regular and sufficient to sustain the decree.

8.  The widow had been in possession and receiving rents from the lands of the estate, other than those belonging to the home farm, from the death of her husband until the assignment of her dower in the suit instituted by the heirs for that purpose, and it was *held*, she was entitled to retain one-third of the rents as her reasonable damages for a refusal of the heirs to assign her dower.

9.  She was also entitled to retain out of the rents the taxes she had paid on these out-lands during that time, and to be allowed for money expended by her in the employment of agents to superintend the farms and collect the rents, so that the several interests therein should bear their due proportion of the burdens incident thereto

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

The facts sufficiently appear in the opinion.

Mr. WILLIAM THOMAS and Mr. H. B. McCLURE, for the appellant.

Messrs. KETCHAM & ATKINS and Mr. HENRY E. DUMMER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court

It appears, from the record in this case, that Jacob Strawn died on the 23d day of August, 1865. At the next term of the Morgan Circuit Court, appellees, as the heirs at law of deceased, filed a bill to have the widow's dower assigned to her, and to have the lands of which he died seized partitioned

17—50TH ILL.

among the heirs.  Dower was assigned and partition made, but damages were not assessed to the widow.  Appellant, as the widow, became administratrix of the estate, and retained the possession of the home plantation, upon which he died, containing about three thousand acres, and received the rents for two years, the litigation in reference to the assignment of dower and partition having been protracted for that length of time.  Appellees filed a bill at the March term, 1867, for an account of the rents and profits thus received, and appellant filed a cross-bill, asserting the exclusive right to the rents and profits of the home farm until her dower was assigned to her, and claiming one-third of the rents of other lands of which her husband died seized, and commissions for managing the property and receiving the rents, and for taxes paid upon the lands.

On a hearing in the court below, a decree was rendered, by which appellant was allowed to retain the rents and income from the home plantation and for disbursements for taxes, but regarding her as having wrongfully intermeddled with the other lands, had forfeited her right to one-third of the rents from those out-lands by failing to demand her dower, and refused to allow her a third of those rents, or for commissions or compensation for collecting the same, and decreed their payment to appellees.  From this decree an appeal is prosecuted to this court; and it is insisted that the court erred in refusing to allow appellant one-third of the rents arising from these out-lands, and for commissions thereon, and for money paid to agents and employees.

The 27th section of the dower act, declares that the widow may, in all cases, retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the out-houses and plantation thereto belonging, free from molestation and rent, until her dower be assigned.  This provision of the statute is plain and will not admit of construction.  Its mere announcement is its full and clear exposition.  The only inquiry that can arise, is, whether

the lands were the plantation upon which the husband most usually resided next before his death, and has the widow's dower been assigned her? The question whether it is a small or a large farm cannot arise, as the law has prescribed no limitation as to the amount it shall contain. Nor can we see that this provision is likely to work any great hardship, as in most cases the widow may have contributed largely to the accumulation of the lands, and even if she has not, she is as much the object of protection, under the law, as are the children of the deceased husband.

In case the heirs are of age, they may legally assign the widow her dower in the premises, and thus reduce her right of possession to her dower in the farm or homestead. And where they make such an assignment of the part designated by the statute, and it is in all respects fair and just, she is obliged to receive it, and cannot thenceforth claim possession of the home farm beyond the dower thus assigned. If, on the other hand, the heirs are minors, it is but reasonable that the widow should have the rents and profits for their support, in case they were of limited means, and if not, their guardian can, at all times, have dower assigned, and thus limit her rights. In this case, it seems that deceased resided on this farm next before his death, and used and cultivated it in the ordinary mode, and the widow was entitled to retain it, free of rent, until her dower was assigned, precisely as if it had contained but one quarter section or less.

It is, however, contended, that the widow had no right to retain one-third of the rents and profits arising from lands not connected with the home farm, or compensation to herself as commissions on the amount thus received, or for money paid to persons employed by her to act as agents in the management of the farms out of which the rents and profits arose.

These are the questions presented for discussion by this record. By the terms of our statute, the widow becomes invested with a complete right of dower in the lands of her husband by his death. The 17th section of the dower act

declares that it shall be the duty of the heir at law, or other person having the next estate of freehold or inheritance of lands in which the widow has dower, to lay off and assign such dower as soon as practicable after the death of the husband of such widow; and the 18th section requires such dower to be assigned within one month next after the decease of the husband, and a failure to do so authorizes the widow to sue for and recover the same. From these provisions it will be perceived that the heirs, who were of age in this case, not only had the power, but it was their duty, to make a fair and reasonable assignment of the widow's dower, and failing to do so they have failed to perform a legal duty which the statute has imposed upon them. They were, then, in default, and the widow was entitled to sue for and recover her dower.

In this case, appellant did not file her petition for the assignment of dower, but the suit was brought by three of the heirs for that purpose, as well as for a partition of the lands in which the widow was entitled to dower; and after delays, occasioned by amendments and otherwise, something over two years from the death of intestate, it was finally disposed of by the assignment of dower and the partition of the lands. But in this proceeding no question was raised on the pleadings or evidence in reference to the rents received by the widow during that time, and hence, those proceedings can in nowise affect the rights of the parties to an account and distribution of the fund. As the widow was entitled to dower in the premises out of which the rent arose, it is claimed that, in the distribution of the fund, she should be permitted to retain one-third of the amount, after deducting commissions and expenses, because the heirs were in default in making an assignment of her dower. This would, no doubt, be true, if it were not for the 26th section of the dower act, which declares that the widow shall be entitled to reasonable damages to be awarded to her from the time of her demand and a refusal to assign her reasonable dower.

It is urged, that this provision was erroneously incorporated into that section by the compiler. Of this we have no evidence. The fact that it appears for the first time in that chapter does not prove that it was inserted by mistake. In that revision of the laws numerous changes and amendments were made, and we must presume that it was with the knowledge of the legislature, and that this alteration was designed. It then would seem to have been the intention of the law makers-to prevent the widow from suing for her dower for the period of one month, thus affording the heir or remainderman ample time within which to make the assignment, but on his failing to do so, then to give the right of recovery by suit to the widow. This would seem to be the scope of the 17th section; and the provision in the 26th, requiring the demand, was no doubt designed to free the heir or remainderman from damages until the widow had made a demand and put him in further default.

This question, then, turns upon the fact whether a demand was made for the assignment of dower. An actual formal demand has not been held necessary in this class of cases. If facts appeared from which it could be seen that the heir or remainderman was unwilling, and that such a demand would have been unavailing, then it would be dispensed with. Or, if the heirs or remaindermen were minors, as they or their guardian could not assign dower, a formal demand would be useless, and the commencement of the suit would be held a sufficient demand. *Bonner* v. *Peterson*, 44 Ill. 253.

In this case, within the thirty days allowed the heirs to assign dower, appellees filed their petition to assign dower and to have the property partitioned. This manifested a determination not to assign dower. Again, one of appellant's attorneys states that, at the sale by the administratrix, he conversed with James G. Strawn, and told him a suit was unnecessary, and that the widow and her children would agree that appellees might make a list or valuation of the property, and the widow would select one-third, and the property could

be divided among the heirs, when he replied that they could never agree.  The attorney then proposed that appellees choose three men to make such a valuation, and permit the widow to select one-third, when he replied such a thing could not be agreed upon.  These offers, made by the authorized agent or attorney of the widow, showed that she had no desire to litigate, and was willing to have her dower speedily assigned without expense, and that proposition was tantamount to a demand, and the reply of James G. Strawn operated as a refusal.  Again, the attorney wrote to William Strawn informing him of the proposition he had made to James G., and received a reply that he had advised its acceptance, but it seems not to have been acted upon by the latter.  There were eight or nine heirs, and it required the joint action of all of them to make the assignment.  Any one refusing to do so, or to consent that it might be done by persons selected for the purpose, would defeat an assignment.  The refusal of James was a refusal operating precisely as if made by all of the heirs.

If delay occurred in procuring the assignment, it appears that it was not the fault of the widow, as she made a proposition which was rejected.  Nor was any made to her, but it was avowed by James, that appellees had the widow and other heirs in their power, and they intended to hold it.  Nor does it come with a good grace from him to complain of the defense interposed by appellant, after having made this declaration. We know of no rule of law which holds it to be *laches* for a party to interpose a demurrer to a petition substantially defective.  A party defendant has the right to have pleadings regular and sufficient to sustain a decree and to finally settle the controversy, but such would not be the case if the description of the premises, or a portion of them, was defective. She was, therefore, entitled to retain one-third of these rents as her reasonable damages for a refusal of the heirs to assign her dower.

Was she entitled to retain out of the rents the taxes she paid on these out lands? It would seem that there is no well founded objection to her doing so, as it is eminently just and equitable. By doing so, she relieved the heirs of a burthen which the law imposed upon the land, and for which it would have been sold had not she or they paid them. As she was entitled to one-third of the money, and they two-thirds, it was but right that they should bear the burthen in the same proportion. But the same reason does not apply to the home farm, as she received all of the rents and should pay all of the taxes on it.

As to the allowance of the charges made by the widow for money expended in the employment of agents to superintend the farms and collect the rents, we do not see but it is reasonable. She was entitled to dower in the out lands, and was in possession, and by virtue of her interest, she could not be said to be a trespasser. Again, it appears from the answer of her co-defendants, that she was acting as their agent. Under these circumstances, it is but just and proper that she should be permitted to retain, out of the money received from these out farms as rent, reasonable charges for moneys paid to agents in conducting those farms, but not for services in the management of the home farm. As she received all of the rents arising from it, she should bear all of the expenses in its control and management. She must account for two-thirds of the rent from these out farms, with six per cent. interest on the same until the time of payment, from the time it was received by her, unless she shall show that she has tendered it and the tender was refused.

As intestate was twice married and left two sets of children at the time of his death, and as litigation has ensued, it is but reasonable to conclude that hard feelings have been engendered; and it is matter of regret that some of appellees' counsel seem to have contracted similar feelings, if we may judge from their brief. They seem to have abandoned their usual courtesy to one of the opposing counsel, and have

manifested some feeling towards him that nothing in the record seems to have justly provoked. We must presume that it will, on reflection, be a source of regret to them, as it is to the court.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*