## ELIZABETH WALSH

*v.*

## JACOB REIS.

1. DOWER—HOMESTEAD—*of the rights of the widow.* The right of dower does not merge in a homestead right in the same premises; these interests in the widow, are different, distinct and independent, and in respect to each other there is no "lesser estate to be drowned in the greater."

2. So, should the husband die in the possession of the homestead, his widow would be entitled, not only to the right of a homestead, but to her dower right, also, in the same premises.

3. And where the husband had mortgaged the premises, and upon foreclosure, he having claimed the right of homestead therein, they being worth more than one thousand dollars, that sum was paid to him, and the property was sold under the foreclosure, upon his death, his widow will not be restricted in her claim to

dower in the premises, to the residue of the property after deducting the value of the homestead right, which had been paid to her husband on the foreclosure, but she would be entitled to dower in the entire premises unaffected by the purchase of the homestead right.

4. DOWER—*of the rule in estimating its value.* Where a right of dower is asserted to premises held by a purchaser from the husband in his lifetime, in ascertaining the yearly value of the dower, where it is not practicable to set it off by metes and bounds, the widow will be given one-third the yearly rents and profits of the premises, after deducting the value of improvements made by the purchaser, the annual insurance, if there be any, and the annual taxes and reasonable annual repairs.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts are fully presented in the opinion.

Mr. H. K. S. O'MELVENY, for the plaintiff in error.

Mr. GUSTAVUS KŒRNER, for the defendant in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a petition for dower, under the statute, in lot sixty-two in the town of Waterloo, in Monroe county, brought by the plaintiff in error, as the widow of David M. Walsh, against Jacob Reis.

A motion to dismiss the petition having been overruled, the defendant answered, denying the petitioner's right to dower, " because her husband, through whom she claims, had mortgaged the lot to M. T. Horine, who foreclosed it, and the said husband having claimed a right of homestead in the lot, it being worth more than one thousand dollars, that sum was paid to him, and for that reason the petitioner is only entitled to dower in the residue of the property after deducting that sum from its value." The defendant also set up a claim to be allowed for improvements made on the lot by Horine and by himself.

Exceptions to the answer were overruled and the cause submitted on bill and answer, replication and proofs. The court decreed that the complainant was entitled to dower in the premises, after deducting out of the same, the sum of one thousand dollars received by the husband of the petitioner under the homestead law, and also the value of the improvements made upon the same by the defendant and the former owner.

To reverse this decree the petitioner brings the record here by writ of error.

The assignment of errors questions the propriety of this decree, and the grounds on which it is based. It certainly cannot be denied that the homestead right and the right to dower, are distinct and independent rights, the former being a mere right of occupancy of the premises under certain circumstances, the latter though an inchoate right does not depend upon occupancy, but upon the marriage, the seizin of the husband during coverture, and his death. Until the death of the husband it is merely an interest which attaches to the land, by reason of marriage and seizin; it rests in action only and cannot be conveyed by deed. After it is assigned, it becomes an estate upon which she can enter and which may be conveyed by deed, and is liable to be sold on execution for her debts. It is a settled maxim of the law, that of this right a widow cannot be deprived, except by operation of the statute of limitations in certain cases, *Owen* v. *Peacock*, 38 Ill. 33, without her consent expressed in the mode pointed out in the statute. *Nicoll* v. *Ogden*, 29 ib. 386.

There were, therefore, two distinct possible interests vested in the plaintiff in this lot, the first of which had been extinguished by the act of her husband in his lifetime, he having received the value of the homestead on the foreclosure sale, her dower interest remaining untouched by these proceedings. The premises out of which her dower was to be assigned, was unaffected by the purchase of the homestead right, and their

value as a whole was the true and only basis on which to esti-
mate the value of the dower interest.

The widow therefore was dowable of one-third of the premises
to be set off to her by metes and bounds; but if that should
not be practicable, then of one third the yearly rents and
profits of the same, after deducting the value of the improve-
ments since Horine's title accrued, the annual insurance if there
was any, and the annual taxes and reasonable annual repairs,
the real amount after these deductions to be ascertained by a
jury. See *Peyton et al.* v. *Jeffries*, 50 Ill. 143.

The defendant in error has assigned cross-errors, making the
point that the plaintiff in error had no right in equity to have
any dower at all assigned in the premises.

This point is made on the hypothesis that the right of dower
merged in the homestead. This proposition is clearly inad-
missible, inasmuch as she had, as we have already said, two
different, distinct and independent interests in the premises,—
the one, possible merely, which was extinguished by her hus-
band in his lifetime; the other fixed and certain, upon his
death, and of this latter, she could not be deprived by any act
of her husband. Counsel are mistaken when they say, that the
payment of one thousand dollars to extinguish the homestead
right was a payment for one third of the property. That pay-
ment purchased no portion of the property, it only relieved it
from an incumbrance. The counsel are equally at fault in the
position that these premises or any portion of them have been
converted into money, hence the argument that she can-
not have rents and profits out of land which has been converted
into money for her benefit, has no force. It seems clear to us,
that had not the husband received payment for the homestead
—had he died in possession of it, his widow would have been
entitled, not only to the right of a homestead, but to her dower
also, in the same premises, and to which the doctrine of
merger can have no application there being no " lesser estate
to be drowned in the greater."

As to the objection that the bill is defective in not alleging the mortgage was executed during the coverture, it is unnecessary to discuss that point, as on remanding the cause the complainant can amend her bill in that particular and make a specific allegation in respect thereto.

For the reasons given, the decree is reversed and the cause remanded.

*Decree reversed.*