## GEORGE BALL

### v.

## LENORA SCHAFFER.

1. DOWER—WHEN IMPROVEMENTS ARE MADE.—Where a party acquires title in the husband's life-time and makes improvements before it is in his power to assign dower, he would be entitled to the exclusive benefit of such improvements and they should not be estimated as a part of the widow's dower.

2. TITLE ACQUIRED AFTER DOWER RIGHT BECOMES VESTED.—Where a party acquires title after the dower right becomes vested, through an administrator's sale, which is, under our statute, the same as a conveyance by the heirs, the widow is endowed of the premises, or their yearly value, as at the time of the assignment. If such party before assigning chooses to repair and improve, he does so at his peril.

3. DAMAGES FOR DETENTION OF DOWER.—It is error for a court, without hearing evidence specially upon the subject, to award a widow damages for the detention of her dower from the time of its demand, upon the basis of the yearly value of the dower as found by the jury.

APPEAL from the Circuit Court of Marshall county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed February 29, 1884.

Mr. C. C. JONES and Messrs. BARNES & MUIR, for appellant; that the widow is entitled to dower in the premises in

the condition they were at the time of her husband's death, cited Stookey v. Stookey, 89 Ill. 40; Walker v. Walker, 5 Bradwell, 289; Walsh v. Reis, 50 Ill. 477; Scammon v. Campbell, 75 Ill. 223; Bunner v. Peterson, 44 Ill. 253.

The jury must assess damages as well as yearly value: T. P. & W. R. R. Co. v. Curtenius, 65 Ill. 120.

Mr. FRED. S. POTTER, for appellee; that as the husband died seized, and appellant having purchased of the administrator, it was his duty to assign dower, and having made improvements before assigning, he did so at his peril, cited Selb v. Montague, 102 Ill. 446; 1 Washburn on Real Property, 3d ed., 271; 3 Sutherland on Damages, 350; Peyton v. Jeffries, 50 Ill. 148.

PLEASANTS, J.   Appellee filed her petition September 21, 1882, for assignment of her dower in a lot and the building thereon in the city of Henry.   Her husband had died intestate, May 26, 1875, seized of the premises in question.   They were sold by his administrator to pay debts, November 26, 1876, and possession was immediately given to the purchaser, and by conveyance his title came to appellant, who took possession April 3, 1878.   He paid appellee, from month to month, different sums which she accepted as her share of the rents (after deducting all that he claimed as her porportion of the amount expended for taxes, insurance and repairs,) which amounted latterly to five dollars, until August, 1882, when he refused to pay her anything, and she thereupon filed this petition.

Her right to dower having been determined and the premises reported by the commissoners not susceptible of division without injury to the interests involved, the cause was referred to a jury to ascertain the yearly value of the premises; who found, upon evidence which we think warranted it, the one third of the annual value to be $128.50.   The court refused to set aside the finding on motion of appellant, and decreed that he pay her the sum so found on June 12, 1884, and the same amount yearly thereafter, and also awarded her the sum of $93.60 as her damages for the detention of her dower from time of filing the petition, and costs.

Defendant brings the case here by appeal, and insists that the circuit court erred in refusing to admit evidence offered as to the value of the premises at the time of the husband's death, and of improvements and repairs thereafter made, under what he maintains was an erroneous impression that his claim for such improvements and repairs had been settled between the parties.

We think the ruling was right, and the reason given for it by the circuit court is immaterial. The evidence was improper. No objection on specific grounds could have been obviated so as to justify its admission. If appellant had acquired title in the husband's life-time, and made improvements before it was in his power to assign dower, then under the rule generally prevailing in the United States, and fully recognized here, he would have been entitled to the exclusive benefit of them, and they should not have been estimated in finding the yearly value of which the widow was to be endowed. 2 Scribner on Dower, Ch. 22, Sec. 18, Walsh v. Reis, 50 Ill. 477; Scammon v. Campbell, 75 Id. 223; Stookey v. Stookey, 89 Id. 40.

But in this case the husband died seized. Appellant acquired title after the dower right became vested, through the administrator's sale, which under our statute is equivalent to a conveyance by the heirs. Selb v. Montague, 102 Ill. 451. As against the heir and his grantee, the widow is endowed of the premises or their yearly value as at the time of assignment. Since he might have proceeded at once to make it, and it was his duty to do so as soon as practicable, but he chose first to repair and improve, he did it at his peril. 2 Scribner on Dower, Ch. 21, Secs. 30, 32, and Ch. 22, Secs. 22, 23; 1 Washb. on Real Est., 2d ed., Ch. 22, p. 238. That this rule obtains in Illinois is clearly implied by the cases of Summers v. Babb, 13 Ill. 486 and Stookey v. Stookey, *supra.*

But after the finding of the net annual value of the premises by the jury, as above stated, the court awarded her damages for the detention of her dower from the time of its demand, without hearing evidence specifically upon that subject, at the same yearly rate. The recital in the decree is

that this matter was heard "upon the verdict and the evidence to the court in open court given," but it is manifest from the certificate of the evidence and from the sum awarded for the time that the evidence here referred to was only that which had been produced to the jury upon the question of the net annual value of the premises. And this we must hold, upon the authority of T. P. & W. R. R. Co. v. Curtenius, 65 Ill. 130, was error, the subsequent change in the statute being regarded as not affecting this question. In this particular, therefore, the decree is reversed, but in all others affirmed. The cause is remanded for further proceedings in conformity herewith. The costs of this court will be equally divided between the parties.

Affirmed in part and reversed in part and remanded.