## Mary E. Sill *et al.*

*v.*

## C. B. Sill *et al.*

*Opinion filed June 21, 1900.*

1. Appeals and errors—*right of guardian to appeal though guardian ad litem is appointed.* A guardian who is made a party to a suit for partition and assignment of dower, individually and as guardian for a minor heir, may appeal for herself and for the minor notwithstanding a guardian *ad litem* is appointed, who acts for the minor in the preparation of the case and at the trial.

2. Dower—*heir cannot set up Statute of Limitations against dower right.* An heir cannot set up the Statute of Limitations against the dower right since it is his duty to assign dower, and for that reason his possession is not regarded as adverse to the owner of the dower estate.

3. Same—*heirs are entitled to all the rents until demand for dower.* A husband's dower interest is a mere expectancy which rests in action, and he is entitled to his share of rents and profits as against the heirs or children of the wife only from the time his dower is legally demanded or set off or assigned, and if no demand is made or petition filed the heirs are entitled to the whole of the rents.

4. Same—*adult heirs may assign dower by verbal agreement to share rents.* The owner of the dower estate may, by arrangement with adult heirs or devisees, permit them to rent the land upon the understanding that he is to receive one-third of the rent as his dower.

5. Same—*neither minor nor guardian has power to assign dower.* A minor cannot make such an assignment of dower as will be binding upon him on arriving at age, nor has the guardian power to make such assignment for him, and hence a demand upon the guardian for dower is of no legal effect.

6. Same—*when share of dower contributed by minor must be accounted for.* The amount of dower contributed by a minor from his interest, after demand upon the guardian, must be accounted for by the owner of the dower estate up to the time of his making a legal demand in the form of a prayer for assignment of dower in such minor's interest, which may be contained in his answer to a bill by an heir for partition and assignment of dower.

7. Homestead—*residence on land is essential to a homestead estate.* Under the statute a homestead can only be acquired in a farm or lot occupied by the householder as a residence.

Appeal from the Circuit Court of Iroquois county; the Hon. R. W. Hilscher, Judge, presiding.

This is a bill for partition and assignment of dower, filed on January 24, 1899, by Charles B. Sill, one of the appellees herein, against the appellee, Edmund Sill, and the appellant, Helen Irene Sill, and the appellant, Mary E. Sill individually and as guardian of Helen Irene Sill. The property sought to be partitioned is eighty acres of land in Iroquois county, being the south half of the southeast quarter of section 4, township 28, north, range 14 west, etc.

The facts as disclosed by the pleadings and proofs are substantially as follows: One Helen M. Sill died intestate on April 15, 1888, being then the owner seized in fee of said eighty acres, and leaving surviving her her husband, the said Edmund Sill, and her two sons, the appellee, Charles B. Sill, and one James W. Sill, since deceased, said sons being her only heirs-at-law. Upon the death of Helen M. Sill, Charles B. Sill and James W. Sill each owned an undivided one-half of said eighty acres subject to the dower of their father, Edmund Sill. James W. Sill died intestate on October 20, 1892, leaving the appellant, Mary E. Sill, his widow, and the appellant, Helen Irene Sill, his only child and heir-at-law. After the death of James W. Sill, and on January 24, 1893, a posthumous child was born to Mary E. Sill, named Bernice Sill. After the death of James W. Sill and the birth of said posthumous child, Helen Irene Sill and Bernice Sill, the only surviving heirs-at-law of James W. Sill, were the owners each of an undivided one-fourth part of said eighty acres, subject to the dower therein of their mother, Mary E. Sill, and also subject to the dower in the whole of the premises of their grandfather, Edmund Sill. On April 8, 1893, Bernice Sill died intestate, leaving her mother, Mary E. Sill and her sister, Helen Irene Sill, her only heirs-at-law. Upon the death of Bernice Sill, the interests of the parties in the eighty acres were as follows: Edmund Sill was entitled to an estate of dower in the whole of the eighty acres; Charles B. Sill was

owner of an undivided one-half of the eighty acres, sub-
ject to the dower of his father, Edmund Sill; Helen Irene
Sill was the owner in fee of an undivided four-twelfths, or
one-third, of the eighty acres, subject, first, to the dower
of her grandfather, Edmund Sill, and subject, secondly,
to the dower of her mother, Mary E. Sill; Mary E. Sill
was the owner of an undivided one-sixth, or two-twelfths,
of the said premises, subject to the dower of said Edmund
and to her own dower interest.

On April 30, 1888, letters of administration were is-
sued by the county court of said county on the estate of
said Helen M. Sill to her husband, Edmund Sill; at the
May term, 1894, said estate was fully settled and the ad-
ministrator discharged. On February 21, 1894, letters of
administration were granted by said court to Mary E.
Sill on the estate of her husband, James W. Sill, and at
the February term, 1897, of said court, said estate was
settled, and the administratrix was discharged. Helen
Irene Sill was born on April 7, 1891, and on June 12, 1894,
her mother, Mary E. Sill, was, by said county court, ap-
pointed the guardian of said Helen Irene Sill, and is yet
acting as such.

The bill sets up the facts as hereinbefore stated, and
alleges that Edmund Sill and the parties hereto have re-
ceived their respective shares of the rents derived from
said land since the death of said Helen M. Sill, and up
to and including March 1, 1899, according to their re-
spective interests in the property, and that the share of
said rents and profits due Helen Irene Sill has been duly
settled and paid to her guardian, Mary E. Sill. The bill
prays that dower be assigned to Edmund Sill and Mary
E. Sill and that partition be made between Charles B.
Sill, Helen Irene Sill, and Mary E. Sill according to their
interests as above stated.

On March 14, 1899, James W. Kern was appointed
guardian *ad litem* for the minor defendant, Helen Irene
Sill, and filed an answer for her, and attended on her be-

half the taking of testimony in the case before a master in chancery. On March 7, 1899, Mary E. Sill for herself and as guardian of Helen Irene Sill filed an answer admitting all the material allegations of the bill, and, furthermore, admitting that there was no homestead in said land, and that Edmund Sill was entitled to dower therein, and that the rents and profits had been divided between the parties as alleged.

Subsequently, and on April 20, 1899, Mary E. Sill filed an affidavit setting up that she had not correctly advised her attorney of the rights of herself and her child in said property and asking for leave to file an amended answer. Thereupon, on April 20, 1899, Mary E. Sill, for herself and as guardian of her child, filed an amended answer admitting the interests of Charles B. Sill and herself and her daughter to be such as are above set forth, and in the proportions above stated, but averring that she, as the widow of James W. Sill, had an estate of homestead in the undivided one-half interest in said premises, which James W. Sill owned at the time of his death. In this answer, Mary E. Sill denied that Edmund Sill was entitled to any dower rights in said premises, though claiming that she was entitled to dower in the interest of her daughter therein. This amended answer averred that whatever dower rights Edmund Sill may have had in the premises were barred, and that no demand had ever been made by Edmund Sill for any dower interest therein. The amended answer also denies, that the rents and profits were properly divided as alleged in the bill, and charged that Charles B. Sill up to October 1, 1892, was in possession of the whole of said premises, and retained the whole of the rents and profits accruing between the death of Helen M. Sill on April 15, 1888, and October 1, 1892. The amended answer also charges that Charles B. Sill was in possession of said lands from March 1, 1893, to April 20, 1899, and had retained the entire rents and profits thereof. The amended answer also avers that

Mary E. Sill and her daughter have an estate of homestead in the interest of James W. Sill in said premises, and charges that Charles B. Sill should account for the rents and profits of said premises. The answer also asks, that the interests of Mary E. Sill and Helen Irene Sill may be duly assigned and set off to them, and that said homestead may be assigned, and that an account be taken against Charles B. Sill and Edmund Sill.

On April 20, 1899, Edmund Sill filed an answer to the original bill admitting all the material allegations thereof, and averring that, shortly after the death of Helen M. Sill, he demanded of his two sons James W. Sill and Charles B. Sill that his dower be set apart and assigned to him; that, in order to assist his sons financially, he entered into an arrangement with them by which he temporarily permitted them to take the whole of the rents and profits of the land, upon the condition that, when he should desire to take a share of the rents and profits thereof on account of his dower interest, he should be entitled to his said dower, that is to say, to a one-third part of said rents and profits, and that his dower should then be set off and assigned to him; that, under that arrangement and with that understanding, he permitted his sons to receive the whole of the rents and profits until the death of his son James W. Sill; that, shortly after the death of James W. Sill, he demanded that his dower should be assigned and set off to him, and that he should receive his share of the rents on account of his dower, and requested Charles B. Sill to notify the said Mary E. Sill and Helen Irene Sill of such demands; that, thereupon, Mary E. Sill and Helen Irene Sill were notified of the said demand for dower; that from the time of said demand up to the present time, he, Edmund, has received, with the knowledge and consent of the said Mary E. Sill, both individually and as such guardian, the sum of $80.00 per year clear of all taxes, the same being one-third of the rents derived from said lands; that Charles B. Sill

has paid the taxes upon said land; that the rents accruing from said lands from 1898 have been fully settled between himself and Charles B. Sill and Mary E. Sill, individually and as guardian; that the said Mary E. Sill, individually and as guardian, and said Helen Irene Sill are estopped from denying that he is entitled to have his dower assigned in view of the arrangement so made as aforesaid. The answer of Edmund Sill admits that the interests of the parties are such as have been herein set forth.

On April 25, 1899, the court entered a decree in favor of the complainant in the bill below, appointing commissioners and ordering partition of the eighty acres according to the interests stated in the bill, and also providing that the dower of Edmund Sill be assigned, and proper provision was made for the dower interest of Mary E. Sill. The decree also found that the rents, issues and profits arising from the premises had been fairly and fully adjusted, and that no accounting between the parties should be made. The decree also found that no person had any estate of homestead in said premises.

From the decree thus entered, Mary E. Sill for herself and Helen Irene Sill by her guardian prayed an appeal to the Supreme Court of the State. That part of the decree praying an appeal is as follows: "Mary E. Sill for herself and Helen Irene Sill by her guardian, Mary E. Sill, prays an appeal to the Supreme Court of the State of Illinois, which is allowed on said parties giving bond in the sum of $300.00 in thirty days, security to be approved by the clerk, and certificate of evidence in sixty days."

The present appeal is prosecuted from the final decree so rendered by the circuit court on April 25, 1899.

C. W. RAYMOND, for appellants.

MORRIS & HOOPER, and DOYLE & CRANGLE, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—A motion was made by the appellees in this case at the October term, 1899, of this court to dismiss the appeal, taken herein in the name of Helen Irene Sill, the record having been filed at the June term, 1899, and the cause having been continued from the June term to the October term, 1899. The final decree entered in the cause recites as follows: "Mary E. Sill for herself and Helen Irene Sill by her guardian, Mary E. Sill, prays an appeal, * * * which is allowed on said parties giving bond in the sum of $300.00 in thirty days," etc. The bond was given within the time and in the amount required by the decree of the court, and, as it appears in the record, is signed by Mary E. Sill and by "Helen Irene Sill by Mary E. Sill, her guardian." The appeal has thus been perfected in accordance with the decree of the trial court which allowed the appeal, and the appeal bond has been made by the persons praying for and obtaining the appeal. (*Phœnix Ins. Co.* v. *Hedrick*, 69 Ill. App. 184; *Tedrick* v. *Wells*, 152 Ill. 214). The ground, upon which it is urged that the appeal should be dismissed, is not that the appeal bond is insufficient, or that the appeal was not taken in accordance with the order of the trial court, but it is said, that the appeal should be dismissed for the alleged reason, that Mary E. Sill had no lawful power and authority to take the appeal in the name of and for the infant, Helen Irene Sill. In other words, the ground, upon which the motion to dismiss the appeal taken in the name of Helen Irene Sill, is based, is, that the decree below was erroneous in allowing the guardian of the infant to take an appeal for the infant. Without stopping to decide whether this court will entertain a motion to dismiss an appeal for error appearing in the final decree of the trial court, the power of the guardian to take an appeal in the name of the infant ward will be considered.

Abundant authority exists for the position, that a guardian may take an appeal for the infant ward. "An appeal lies from judgments and final orders involving substantial rights, and when taken on behalf of the ward, who is regarded as the real appellant, is usually required to be prosecuted by the guardian." (9 Ency. of Pl. & Pr. p. 947). In *Miller* v. *Smith*, 98 Ind. 226, the Supreme Court of Indiana said: "We hold that a guardian of the person and estate of a minor, in an action for the partition of real estate in which his ward is interested, may, as such guardian, in behalf of his ward, appear and plead and appeal from the judgment rendered."

This is a proceeding for partition and assignment of dower. Section 21 of the Dower act provides that "when an infant or person under guardianship is a defendant, he may appear by guardian or conservator, or the court may appoint a guardian *ad litem* for such person, and compel the person so appointed to act." (2 Starr & Curt. Ann. Stat.—2d ed.—p. 1470). Section 18 of the act, entitled "Guardian and Ward," also provides for the appearance of the guardian for his ward and for the representation by the guardian of his ward in all legal suits and proceedings. (2 Starr & Cur. Stat.—2d ed.—p. 2083). As the guardian thus has the power under the statute to appear for and represent his ward, it would seem to follow that he has the power to take an appeal in behalf of the ward, when the interests of the latter require it.

Section 18 of the act, entitled "Guardian and Ward," provides as follows: "He (the guardian) shall appear for and represent his ward in all legal suits and proceedings, unless another person is appointed for that purpose, as guardian or next friend," etc. The contention of the appellees is, that a general guardian has no right or authority to prosecute or defend in the name of his ward, where, in the language of the statute, "another person is appointed for that purpose." Here, the minor, Helen Irene Sill, was a defendant to the suit, and one James W.

Kern, a lawyer, was appointed her guardian *ad litem*, and filed an answer for her, and appeared in her behalf, both in the taking of testimony before the master, and in the hearing of the cause. This being so, it is claimed that the appeal could only be taken by the guardian *ad litem*. It is true, that, under section 18 as above quoted, it is not absolutely necessary for the guardian to appear and represent his ward in a legal proceeding, where another person has been appointed as guardian *ad litem* for that purpose. But, in the present case, the complainant filing the bill for partition, not only made the minor, Helen Irene Sill, a defendant, but also made Mary E. Sill a defendant, both individually and as guardian of Helen Irene Sill. In other words, the guardian, as such, was made a defendant, and was served as such with process, and, as such, answered the bill. "Although it may not be necessary in all cases to make the guardian a party to an action or proceeding affecting the ward solely, yet it is usually proper to do so that he may protect his ward's interests." (9 Ency. of Pl. & Pr. p. 935). The record shows, that the guardian *ad litem* performed his duty in the preparation of the case for trial, and in the trial of the case, as the representative of the minor defendant. But when the proceeding was ended in the trial court by the rendition of the final decree, we see no reason why the court might not permit the appeal to be taken for the minor by the guardian, the latter being a party to the suit. It is true the appeal might have been taken by the guardian *ad litem* (*Sprague* v. *Beamer*, 45 Ill. App. 17), but, at the same time, the guardian, who was then before the court, had also the power under the statute to take the appeal.

Cases are referred to where it is said, that the guardian should not be allowed to represent the minor where the interests of the guardian are adverse to those of the minor. (*Roodhouse* v. *Roodhouse*, 132 Ill. 360; *Ames* v. *Ames*, 151 id. 280). But we are unable to see, that the interests of the guardian are opposed to those of the minor, so far

as the questions involved in this appeal are concerned. The first question involved is, whether or not the dower of Edmund Sill in the eighty-acre tract in question has been barred. The establishment of such a bar, if it could be established, would operate to the advantage of both the guardian, Mary E. Sill, and the ward, Helen Irene Sill. The second question involved in the appeal is, whether or not the appellees, Charles B. Sill and Edmund Sill, have properly accounted for the rents and profits derived from the land since October, 1892. Both the guardian and ward are interested in such accounting equally. A third question involved is as to the existence of an estate of homestead in the interest in the land, which James W. Sill owned at the time of his death; but, if the existence of such an estate was established, it would be for the benefit of the infant child, as well as for the benefit of her guardian and mother.

Upon the whole, we are of the opinion that the motion to dismiss the appeal for the reason alleged should not be granted. An order will accordingly be entered denying the motion.

*Second*—It is claimed by the appellees, that the right of Edmund Sill to dower in the eighty acres has been barred. The tract of eighty acres was owned by Helen M. Sill, the wife of Edmund Sill. When she died intestate on April 15, 1888, she left two sons, the appellee, Charles B. Sill, and James W. Sill since deceased. Charles B. Sill and James W. Sill each owned an undivided one-half in the eighty acres, subject to the dower of their father, Edmund Sill. James W. Sill died intestate on October 20, 1892. From April 15, 1888, to October 20, 1892, Charles B. Sill was in possession of the tract for himself and his brother, and they two, with the knowledge and consent of their father, Edmund Sill, divided the rents between them. The premises were rented for $3.00 per acre, or $240.00 per annum, before the death of James W. Sill, and have been rented for the same amount since his

death.　Since the death of James W. Sill, Charles B. Sill
has been in possession of the tract, and has collected the
rents, and out of them has each year paid Edmund Sill
the sum of $80.00, being one-third of the rents and being
the amount of his dower in the premises.

The appellants claim, that Charles B. Sill should have
rented the premises for a larger amount than $3.00 per
acre, and have introduced testimony tending to show the
rental value of the premises per year was $4.00 per acre.
On the contrary, the appellees introduced testimony tend-
ing to show the rental value of the premises per year was
not more than $3.00 per acre.　The witnesses of the ap-
pellees upon this subject, who exceed in number those of
the appellants, seem to be as credible and as well informed
as the witnesses of the appellants.　The trial court found
that $3.00 per acre was a fair rental value for the prem-
ises, and we are not disposed to disturb this finding.

Shortly after the death of James W. Sill in October,
1892, Edmund Sill made a demand for his dower upon
Charles B. Sill, and, through the latter, upon Mary E.
Sill in her own right and as guardian of Helen Irene Sill.
By an arrangement between Edmund Sill, and Charles
B. Sill, and Mary E. Sill individually and as guardian,
the rents of $240.00 per year were divided into three parts,
of which $80.00 were paid to Edmund Sill on account of
his dower; and $80.00 to Charles B. Sill on account of
his one-half interest in the property, subject to Edmund
Sill's dower, and after deducting one-half of said dower,
to-wit: $40.00 out of $120.00, the share of the rents be-
longing to Charles B. Sill; and the remaining $80.00 was
paid to Mary E. Sill for herself and her ward, being her
interest of one-sixth in the premises after taking out the
dower of Edmund Sill, and being the one-third interest
of her ward therein after taking out the dower therein
of said Edmund Sill.

In view of what has been said, it is manifest that the
possession of the premises has never been held adversely

to Edmund Sill since the death of Helen M. Sill on April
15, 1888. On the contrary, the possession both in the life-
time of James W. Sill, and after that date up to the time
of commencing this suit, has been subject to the dower
estate of Edmund Sill.

The heir cannot set up the Statute of Limitations
against the holder of the dower estate, because his pos-
session is not adverse to the holder of said estate. It is
the duty of the heir to assign dower, and, for this reason,
his possession is not regarded as adverse to the owner
of the dower estate, for, otherwise, he would be allowed
to take advantage of his own wrong. It is only as against
strangers, or a purchaser either from the deceased owner
of the fee, or from his heir or heirs, that the Statute of
Limitations can be pleaded as a defense to the enforce-
ment of a dower right. "While the heirs of a deceased
husband are in possession of his lands, the Statute of
Limitations does not run against the widow's claim for
dower; otherwise, where a purchaser is in possession
holding adversely." (*Livingston* v. *Cochran*, 33 Ark. 294;
*Stidham* v. *Matthews*, 29 id. 650; *Danley* v. *Danley*, 22 id. 263;
*Hastings* v. *Mace*, 157 Mass. 499; *O'Gara* v. *Neylon*, 161 id.
140; *Hart* v. *Randolph*, 142 Ill. 521).

We have held in a number of cases that, where a
stranger, or other person, or purchaser from the husband,
or heir-at-law, or devisee, has been in possession of land
under color of title for seven successive years, and paid
all the taxes levied thereon during that time, and has
thereby complied with the provisions of the first section
of the Limitation act of 1839, or section 6 of the pres-
ent Limitation act, he is entitled to be protected against
the enforcement of the widow's dower. In other words,
we have held that the widow's dower may be barred as
against a stranger or purchaser, who has been in posses-
sion of the premises for seven years, and paid the taxes
thereon, as required by section 6 of the Limitation act.
(*Owen* v. *Peacock*, 38 Ill. 33; *Steele* v. *Gellatly*, 41 id. 39; *Whit-*

*ing* v. *Nicoll,* 46 id. 230; *Brian* v. *Melton,* 125 id. 647; *Miller* v. *Pence,* 132 id. 149; *Hart* v. *Randolph, supra*). But these cases all refer to such a bar to the widow's dower, as arises out of an adverse possession held for the statutory period by strangers or purchasers; they have no reference to the possession of the property by the heir, which is as a general thing not adverse to the estate of dower, but subject and subordinate to it. In *Owen* v. *Peacock, supra,* the view, that the possession is not adverse to the dowress when the parties claim under the same right, was held to be applicable to the heir-at-law upon whom the descent is cast, and that, when such view is so applied, the heir-at-law may be said to hold in subordination to the right of the widow to her dower, but that, as regards a purchaser from the husband or heir-at-law or devisee, the rule does not apply, as such purchaser, when he enters and occupies, should be deemed as holding adversely to all the world.

In the case at bar it cannot be said that the dower of Edmund Sill has been barred by any adverse possession on the part of the heirs of Helen M. Sill. Mary E. Sill and Helen Irene Sill, holding under the deceased James W. Sill, are privies in estate to Helen M. Sill. The appellants, Mary E. Sill and Helen Irene Sill, have never been in possession of the premises at all since the death of James W. Sill; and have therefore had no possession, which can be regarded as adverse to the dower estate of Edmund Sill. The appellee, Charles B. Sill, does not claim or set up that the dower of Edmund Sill is barred, and, under the arrangement already set forth, his possession cannot be considered as adverse.

We are, therefore, of the opinion that the dower estate of Edmund Sill in the premises in question has not been barred.

*Third*—It is claimed on the part of the appellants, that Edmund Sill and Charles B. Sill should account for the rents and profits received from the premises in ques-

tion since the death of James W. Sill on October 20, 1892. The arrangement between the parties has already been referred to. Edmund Sill's dower, amounting to $80.00 per year, was one-third of the total yearly rental of $240.00. This dower was apportioned by the arrangement in question among the parties according to their respective interests during the years from 1892 to 1898 inclusive. Charles B. Sill, being entitled to $120.00, or one-half of the rents, paid one-half of the dower, to-wit: $40.00 per year, leaving his own interest in the rents, after the deduction of the $40.00, the sum of $80.00 per year. Mary E. Sill, having a one-sixth interest in the premises as heir of her posthumous child, Bernice Sill, was liable to pay, and did pay, in each of said years, towards the dower of Edmund Sill one-third of her one-sixth interest, or one-third of $40.00, to-wit: $13.33⅓, leaving after deducting $13.33⅓ from $40.00 the sum of $26.66⅔, as the amount of the annual rents belonging to her. The minor, Helen Irene Sill, being the owner by inheritance from her father, James W. Sill, and from her deceased sister, Bernice Sill, of an undivided one-third of the premises, was, in case a proper demand had been made, liable for one-third of the dower due to Edmund Sill, to-wit: the sum of $26.66⅔ for each year, leaving, after making the deduction of that amount from her one-third interest of $80.00, the sum of $53.33⅓, as the share of the rents belonging to Helen Irene Sill. In other words, by the arrangement made, Charles B. Sill and Mary E. Sill contributed $53.33⅓ towards paying the dower during each of said years of Edmund Sill, and Mary E. Sill, as guardian, contributed $26.66⅔ each year towards the payment of Edmund Sill's dower out of the interest of the minor, Helen Irene Sill.

This arrangement was valid and binding so far as Charles B. Sill and Mary E. Sill in her own right were concerned. The proof shows, that the demand for his dower was made by Edmund Sill upon them shortly after

the death of his son, James W. Sill, in October, 1892. The dower interest of a surviving husband in his deceased wife's land is a mere expectancy, and rests in action only, until it is assigned. He is only entitled to one-third of the rents and profits of the land of his wife's property as against her children and heirs from the time his dower has been demanded, or set off, or assigned to him. Where no demand is made, or petition filed, for the assignment of dower, the heirs-at-law are entitled to the whole of the rents. Damages are allowed from the time of demand and a refusal to assign dower. One-third of the rents of the land in which there is dower forms a proper measure of such damages. Until demand is made, the surviving wife or husband is entitled to no damages. The filing of a petition for the assignment of dower against the heirs-at-law is a sufficient demand to give a claim to one-third of whatever rents have accrued since that time as damages. (*Bedford* v. *Bedford*, 136 Ill. 354; *Peyton* v. *Jeffries*, 50 id. 143; *Rawson* v. *Corbett*, 150 id. 466). The demand here made was sufficient so far as the adults, Charles B. Sill and Mary E. Sill, were concerned. Where the heirs are of age, they may legally assign the widow her dower in the premises. (*Strawn* v. *Strawn's Heirs*, 50 Ill. 256). Section 18 of the Dower act makes it the duty of the heir to assign dower in the lands in which any person is entitled to dower. (*Rawson* v. *Corbett, supra*). This assignment may be by parol, and when it is impracticable to assign dower by metes and bounds, an allotment may be made to the holder of the dower estate out of his or her proportionate share of the rents and profits arising from the entire property. The holder of the dower estate may, by an arrangement with the heir or devisee, suffer him to rent out the land with the understanding that such holder, in lieu of dower, is to receive one-third of his or her proportion of the annual rents. (*Lenfers* v. *Henke*, 73 Ill. 405; *Rawson* v. *Corbett, supra;* 10 Am. & Eng. Ency. of Law,—2d ed.—pp. 172, 175-178). The demand upon

Charles B. Sill and Mary E. Sill having been made shortly after the death of James W. Sill, and, in response thereto and in pursuance thereof a verbal arrangement having been made with Edmund Sill, by which he was to receive, in lieu of his dower, one-third of the annual rents to be derived from the interests of Charles B. Sill and Mary E. Sill, the decree of the court below was correct in refusing to allow an accounting, so far as the dower paid out of those interests was concerned. In other words, Edmund Sill is entitled to retain the $40.00 per year paid to him on account of his dower out of the one-half interest of Charles B. Sill during each of the years from 1892 to 1898 inclusive, and to retain the sum of $13.33⅓ per year paid to him on account of his dower out of the one-sixth interest of Mary E. Sill during each of the said seven years. As to Charles B. Sill and Mary E. Sill, the demand for dower was made in time to justify the retention of said rents, and the oral assignment of dower, being made by them as adults, was valid.

It is not claimed that any demand was made upon the minor child, Helen Irene Sill, for the assignment of dower in her interest. A demand, however, was made upon Mary E. Sill as guardian of Helen Irene Sill for the assignment of dower in the interest of her ward. But it is the settled doctrine of this court, that a minor cannot make such an assignment of dower as will be binding on him on arriving at age; nor has the guardian of a minor any power to assign dower. (*Bonner* v. *Peterson*, 44 Ill. 253; *Strawn* v. *Strawn's Heirs, supra; Atkin* v. *Merrell*, 39 Ill. 62; *Rawson* v. *Corbett, supra; Muller* v. *Benner*, 69 Ill. 108; *Shoot* v. *Galbreath*, 128 id. 214). In *Heisen* v. *Heisen*, 145 Ill. 658, we said: "Whatever may be the rule elsewhere, it is well settled in this State, as indeed it must be held under the statute, that a guardian has no power to assign dower."

In view of the fact, that neither the minor himself, nor his guardian, has any power to make an assignment of dower, a demand for such assignment upon the heir or

upon the guardian is useless, and not legal or binding. (*Bonner* v. *Peterson, supra; Strawn* v. *Strawn's Heirs, supra*). It follows, that the demand upon Mary E. Sill as guardian was invalid, and Edmund Sill was not entitled to dower out of the interest of the minor from the time of such demand. He did, as matter of fact, receive $80.00 per year on account of his dower for the seven years above named, and, of the amount so received in each year, $26.66⅔ came out of the rents derived from the one-third interest belonging to the minor. Inasmuch as Edmund Sill filed no petition for assignment of his dower out of the minor's interest, and no legal demand was made for assignment of dower out of such interest, the minor, or his guardian for him, was entitled to retain the sum of $26.66⅔ out of the rents derived from his interest for each of the said seven years, and Edmund Sill should be required to account for the same. His answer in this case was filed on April 20, 1899, and therein he asks that his dower in the minor's interest may be assigned to him. The filing of the petition thus contained in his answer is a sufficient demand to give a claim to one-third of the rents that have accrued out of the minor's interest since the filing of the answer. He is entitled to such rents since April 20, 1899, but not before. In stating the account there should be deducted one-third of the taxes paid by Charles B. Sill in each of the seven years above mentioned. (*Peyton* v. *Jeffries, supra; Walsh* v. *Reis,* 50 Ill. 477). We are of the opinion, that the decree of the court below was erroneous in not requiring Edmund Sill to account for the $26.66⅔ received by him out of the rents derived from the interest of the minor in said premises during each of the seven years above mentioned, after deducting therefrom one-third of the taxes paid for each year upon the whole of said premises.

*Fourth*—It is contended by the appellants, that Mary E. Sill and Helen Irene Sill have an estate of homestead in the one undivided half interest owned by James W.

Sill when he died.  We cannot discover that any such homestead estate had any existence in fact.  Prior to October 1, 1892, or thereabouts, James W. Sill had resided in Cook county, but about that time he came to Iroquois county with a view of living upon a farm in that county. There was an old house upon the eighty acres in question, and James W. Sill, having no place to stay, intended to occupy this house until the following spring, when he should take possession of the farm which he had leased. He never intended to live permanently in this house, but only temporarily, until he could get possession of the farm so leased.  About October 1, 1892, he and his wife moved a few pieces of furniture into the house, and were preparing to occupy it when James W. Sill was taken sick while at his father-in-law's house and died there.  Neither he nor his wife ever occupied the house upon these premises, or slept in it a single night.  It cannot be claimed, therefore, that they ever acquired any homestead estate in it.  Under the statute a homestead can only be acquired in a farm or lot occupied by the householder as a residence.  The house upon the premises in question was never occupied by James W. Sill as a home or residence in his lifetime, nor by his wife or child at any time after his death.  Even if the placing of a small amount of furniture in the house could be considered as occupying it, Helen M. Sill and her child after the death of James W. Sill left the premises in question, and never returned thereto.  This amounted to an abandonment of the homestead, if there ever was a homestead.  (*Hart* v. *Randolph, supra*).

For the error above indicated, the decree of the circuit court is reversed, and the cause is remanded to that court with directions to proceed in accordance with the views herein expressed.　　　　　　　　　*Reversed and remanded.*